| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| NORTHERN DISTRICT OF ILLINOIS |
| Case number *(if known)* _____   Chapter  11 |
| ☐ Check if this an amended filing |

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy        4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Chellino Crane Inc. |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 36-4016804 |
| 4. | Debtor's address | **Principal place of business**<br><br>915 Rowell Avenue<br>Joliet, IL 60433<br>Number, Street, City, State & ZIP Code<br><br>Will<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | http://chellinocrane.com/ |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 1

Debtor   **Chellino Crane Inc.**                                                           Case number (if known) _____
         Name

7. **Describe debtor's business**    A. *Check one:*
   
   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   
   ■ None of the above
   
   B. *Check all that apply*
   
   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   
   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))
   
   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   
   _____

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*
   
   ☐ Chapter 7
   
   ☐ Chapter 9
   
   ■ Chapter 11. *Check all that apply:*
   
   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
   
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   
   ☐ A plan is being filed with this petition.
   
   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   
   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   
   ■ No.
   
   ☐ Yes.
   
   If more than 2 cases, attach a separate list.
   
   District _____ When _____ Case number _____
   District _____ When _____ Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
    
    ☐ No
    
    ■ Yes.
    
    List all cases. If more than 1, attach a separate list
    
    Debtor **See Attachment** _____ Relationship _____
    District _____ When _____ Case number, if known _____

Debtor **Chellino Crane Inc.** Case number (*if known*) _____
     Name

**11. Why is the case filed in *this district*?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
      Contact name _____
      Phone _____

### ■ Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☑ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☑ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☑ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | Chellino Crane Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   May 5, 2017
               MM / DD / YYYY

X _____          Gregory Chellino
Signature of authorized representative of debtor    Printed name

Title   President

**18. Signature of attorney**

X _____          Date May 5, 2017
Signature of attorney for debtor                    MM / DD / YYYY

Jonathan P. Friedland, Esq.
Printed name

Sugar Felsenthal Grais & Hammer LLP
Firm name

30 North LaSalle Street
Suite 3000
Chicago, IL 60602
Number, Street, City, State & ZIP Code

Contact phone   3127049400      Email address   jfriedland@sfgh.com

(6257902)
Bar number and State

| | | | | |
|---|---|---|---|---|
| Debtor | Chellino Crane Inc. | | Case number (if known) | |
| | Name | | | |

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____ Chapter  11

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | | |
|---|---|---|---|---|---|
| Debtor | Chellino Industrial Management, Inc. | | | Relationship to you | Affiliate |
| District | Northern District of Illinois | When | 5/05/17 | Case number, if known | |
| Debtor | Chellino/Industrial Park Family Limited Partnership | | | Relationship to you | Affiliate |
| District | Northern District of Illinois | When | 5/05/17 | Case number, if known | |
| Debtor | G&B Equipment LLC | | | Relationship to you | Affiliate |
| District | Northern District of Illinois | When | 5/05/17 | Case number, if known | |
| Debtor | Sam J. Chellino Crane Rental, Inc. | | | Relationship to you | Affiliate |
| District | Northern District of Illinois | When | 5/05/17 | Case number, if known | |

## RESOLUTIONS ADOPTED BY THE BOARD OF DIRECTORS OF CHELLINO CRANE, INC.

The undersigned, being all the directors of CHELLINO CRANE, INC., an Illinois Corporation (the "Company"), pursuant to applicable provisions of the Business Corporation Act of Illinois, the Company's Articles of Incorporation and By-laws, hereby adopts the following resolutions, and such resolutions have not been amended or rescinded and are now in full force and effect:

**RESOLVED**, that in the judgment of the directors of the Company it is desirable and in the best interests of the Company, its creditors, its shareholders, and other interested parties, that a voluntary petition be filed by the Company in the United States Bankruptcy Court for the Northern District of Illinois in Chicago (the "Bankruptcy Court"), seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby; and it is further

**RESOLVED**, that the Director, Frank J. Chellino (as Vice President and Treasurer) and Director, Gregory Chellino (as President and Secretary), (each an "Authorized Person") are each authorized and empowered, on behalf of and in the name of the Company, to execute and verify such petition under Chapter 11 of the Bankruptcy Code as an authorized signatory in connection with the chapter 11 case authorized herein; and it is further

**RESOLVED**, that the Authorized Person of the Company be, and each of them hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court to commence the Case in such form and at such time as the Authorized Person executing said petition on behalf of the Company shall determine; and it is further

**RESOLVED**, that the Authorized Person be, and each of them hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute and/or file, or cause to be executed and/or filed (or to direct others to do so on their behalf as provided herein), all necessary documents including, but not limited to, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all other action, that they or any of them deem necessary, proper or desirable in connection with the Case contemplated hereby, with a view to the successful prosecution of such case; and it is further

41403692;2

**RESOLVED**, that the Authorized Person of the Company be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to take or cause to be taken, from time to time, any and all such further action and to execute and deliver, or cause to be executed and delivered, all such further agreements, documents, certificates and undertakings including, but not limited to, amendments to the documents contemplated hereby following the effectiveness thereof, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable, to effectuate the purpose and intent of the foregoing resolutions; and it is further

**RESOLVED**, that any officer of the Company be and they hereby each and all are authorized, empowered and directed in the name and on behalf of the Company and with or without corporate seal, to make, enter into, execute and deliver to First Midwest Bank, a Promissory Note up to the amount of $600,000, Joint Intent Form, and any other documents, instruments or agreement which such officer in his sole discretion deems appropriate and which may be requested or required by First Midwest Bank in connection therewith, including but not limited to amending loan agreements to permit the Promissory Note and liens securing the Promissory Note; and it is further

**RESOLVED**, that the Company as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and it hereby is, authorized to enter into a debtor-in-possession financing facility and in connection therewith, to grant any guarantees, pledges, mortgages, and other security instruments containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by any Authorized Person to obtain such debtor-in-possession financing for the Company or its subsidiaries and affiliates, and it is further

**RESOLVED**, that the Authorized Person of the Company be, and each of them hereby is, authorized and empowered to execute, deliver, and perform for and on behalf of the Company, as debtor and debtor-in-possession, any documents, agreements, guaranties, instruments, financing statements, undertakings and certificates necessary or appropriate to facilitate the transactions contemplated by the foregoing resolution including, but not limited to, any credit agreement, promissory note, letter of credit application, or other document evidencing the obligations of the Company under the debtor-in-possession financing, and any modifications or supplements thereto, all such materials to be in the form provided by such Authorized Person, the execution and delivery thereof to be conclusive evidence of such approval; and it is further

2

41403692;2

**RESOLVED**, that the Authorized Person be, and each of them hereby is, authorized and empowered for and in the name and on behalf of the Company to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and it is further

**RESOLVED**, that the law firm of Sugar Felsenthal Grais & Hammer LLP be, and hereby is, employed as attorneys for the Company and the other affiliated debtor entities in the Case as bankruptcy and reorganization counsel and for all other relevant purposes; and it is further

**RESOLVED**, that the law firm of Akerman LLP be, and hereby is, employed as special counsel for the Company and the other affiliated debtor entities in the Case.

**RESOLVED**, that Conway MacKenzie be, and hereby is, employed as financial advisors for the Company and the other affiliated debtor entities in the Case; and it is further

**RESOLVED**, that Epiq Bankruptcy Solutions, LLC a/k/a Epiq, be, and hereby is, employed as claims, noticing and balloting agent for the Company and the other affiliated debtor entities in the Case; and it is further

**RESOLVED**, that the Authorized Person be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to retain such other professionals as they deem appropriate during the course of the Case; and it is further

**RESOLVED**, that the Authorized Person of the Company be, and each of them hereby is, authorized, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates and undertakings, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the Case, or any matter related, including in connection with the debtor-in-possession financing, be, and they hereby are, adopted,

41403692;2

ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that this consent may be signed in any number of counterparts, each of which, taken together, shall constitute one and the same consent and that, once signed, this consent shall be filed with the corporate records of the Company.

[This space is intentionally left blank.]

[Separate signature pages follow.]

4

41403692;2

IN WITNESS WHEREOF, the undersigned has duly executed these Resolutions on this 5 day of May, 2017.

_____
Gregory Chellino
Director

_____
Frank J. Chellino
Director

### NOTICE & NO PRIOR REQUEST

27. Notice of this Application has been given to: (a) the United States Trustee; (b) the Debtors' secured lender; (c) the Debtors' 30 largest unsecured creditors; and (d) any party that has appeared or requested notice in these Cases. In light of the nature of the relief requested by this Application, the Debtors submit that no further notice is required. The Debtors have not made a prior request before this or any other court for the relief sought in this Application.

### CONCLUSION

*Wherefore*, the Debtors request that the Court enter an order, substantially in the form attached to this Application, retaining and employing the attorneys and paraprofessionals of SFGH as counsel for the Debtors, retroactive to the Petition Date; and any other, further relief the Court deems appropriate under the circumstances.

Date: May 5, 2017

*Chellino Crane Inc., et al.*
By: _____
Gregory Chellino
President

**Fill in this information to Identify the case:**

Debtor Name:    Chellino Crane, Inc.

United States Bankruptcy Court for the:    Northern District District of Illinois

Case Number (If known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders      12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | LAMPSON INTERNATIONAL<br>607 E. COLUMBIA DR.<br>KENNEWICK, WA  99336 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 509-586-0411<br>FAX: 509-586-4601 | TRADE VENDOR | | | | $873,857.14 |
| 2 | MOE WELFARE FUND<br>M.O.E. FRINGE BENEFIT FUNDS<br>6200 JOLIET RD<br>COUNTRYSIDE, IL  60525 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 708-579-6620<br>FAX: 708-482-3056 | TRADE VENDOR | | | | $317,093.96 |
| 3 | ASSURANCE AGENCY LTD.<br>ONE CENTURY CENTRE<br>1750 EAST GOLF ROAD<br>SCHAUMBURG, IL  60173 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 847-797-5700<br>FAX: 847-440-9126 | TRADE VENDOR | | | | $229,665.00 |
| 4 | MOE PENSION TRUST FUND<br>M.O.E. FRINGE BENEFIT FUNDS<br>6200 JOLIET RD<br>COUNTRYSIDE, IL  60525 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 708-579-6620<br>FAX: 708-482-3056 | TRADE VENDOR | | | | $163,077.34 |
| 5 | WALTER PAYTON POWER EQUIP, LLC<br>930 WEST 138TH STREET<br>RIVERDALE, IL  60827 | CONTACT: KEN MARTINEK<br>PHONE: 708-656-7700<br>FAX: 708-225-2308; 708-532-1273 | TRADE VENDOR | | | | $145,392.16 |
| 6 | STERLING LUMBER COMPANY<br>501 E. 151ST STREET<br>PHOENIX, IL  60426 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 708-388-2223<br>FAX: 708-388-2224 | TRADE VENDOR | | | | $134,307.11 |
| 7 | MYSHAK SALES & RENTALS<br>813 53016 HWY 60<br>ACHESON, AB  T7X 5A7  CANADA | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 780-948-2404<br>FAX: 780-960-9266 | TRADE VENDOR | | | | $109,901.22 |

Debtor: Chellino Crane, Inc.                                                                                   Case Number (if known):

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | CHAMP EQUIPMENT<br>607 E. COLUMBIA DR.<br>KENNEWICK, WA  99336 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 509-586-0411<br>FAX: 509-586-0825 | TRADE VENDOR | | | | $100,000.00 |
| 9 | AMERICAN EXPRESS - GC<br>200 VESY STREET<br>NEW YORK, NY  10285 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 800-492-3344<br>ccsgsupport@service.americanexpress.com | TRADE VENDOR | | | | $81,273.24 |
| 10 | AMERICAN EXPRESS - FC<br>200 VESY STREET<br>NEW YORK, NY  10285 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 800-492-3344<br>ccsgsupport@service.americanexpress.com | TRADE VENDOR | | | | $79,648.09 |
| 11 | WILL COUNTY COLLECTOR<br>302 NORTH CHICAGO STREET<br>JOLIET, IL  60432-4059 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 815-740-4675<br>FAX: 815-740-4695 | TRADE VENDOR | | | | $66,807.00 |
| 12 | CONANT CRANE RENTAL COMPANY<br>20525 CENTER RIDGE RD<br>CLEVELAND, OH  44116 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 440-333-8008<br>FAX: 440-333-8011 | TRADE VENDOR | | | | $40,000.00 |
| 13 | CHASE CARD SERVICES<br>201 NORTH WALNUT STREET<br>WILMINGTON, DE  19801 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 302-282-2616<br>FAX: 302-282-8361; 800-955-9900 | TRADE VENDOR | | | | $32,811.94 |
| 14 | HOWELL TRACTOR & EQUIPMENT LLC-V<br>480 BLAINE STREET<br>GARY, IN  46406 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 219-977-4210<br>FAX: 219-977-6395 | TRADE VENDOR | | | | $32,713.32 |
| 15 | FLEET COST & CARE<br>865 S. FORT STREET<br>DETROIT, MI  48217 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 800-281-9445<br>FAX: 313-842-1715 | TRADE VENDOR | | | | $29,692.34 |
| 16 | TADANO AMERICA CORP<br>4242 WEST GREENS ROAD<br>HOUSTON, TX  77066 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 281-869-0050<br>FAX: 713-865-1041 | TRADE VENDOR | | | | $29,376.62 |
| 17 | MOE. RETIREMENT ENHANCEMENT FUND-001<br>6200 JOLIET RD<br>COUNTRYSIDE, IL  60525 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 708-482-7300<br>FAX: 708-482-3056 | TRADE VENDOR | | | | $28,944.47 |
| 18 | LOCAL 150 IUOE VAC. SVGS. PLAN M.O.E. FRINGE BENEFIT FUNDS<br>6200 JOLIET RD<br>COUNTRYSIDE, IL  60525 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 708-579-6620<br>FAX: 708-482-3056 | TRADE VENDOR | | | | $26,826.58 |
| 19 | I.U.O.E. LOCAL 150 ADMIN DUES<br>6200 JOLIET RD<br>COUNTRYSIDE, IL  60525 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 708-579-6639<br>FAX: 708-482-7186 | TRADE VENDOR | | | | $25,679.96 |

Debtor: Chellino Crane, Inc.     Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | MUELLER & CO., LLP<br>1707 N. RANDALL RD., STE 200<br>ELGIN, IL 60123 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 847-888-8600<br>FAX: 847-888-0635 | TRADE VENDOR | | | | $25,000.00 |
| 21 | FEECE OIL COMPANY<br>517 TWIN RAIL DRIVE<br>MINNOKA, IL 60447 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 815-521-0191<br>FAX: 815-521-0192 | TRADE VENDOR | | | | $21,793.97 |
| 22 | MOE LOCAL 150 APPRENT. FUND<br>M.O.E. FRINGE BENEFIT FUNDS<br>6200 JOLIET RD<br>COUNTRYSIDE, IL 60525 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 708-579-6620<br>FAX: 708-482-3056 | TRADE VENDOR | | | | $18,355.03 |
| 23 | ILOCA SERVICES INC.<br>9S104 FRONTENACE STREET<br>AURORA, IL 60504 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 188-873-6483<br>FAX: 630-548-2700 | TRADE VENDOR | | | | $17,250.00 |
| 24 | R. GINGERICH CRANE INC.<br>1360 W. BIRCHWOOD<br>MORTON, IL 61550 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 309-263-7335<br>FAX: 309-266-7845 | TRADE VENDOR | | | | $17,100.00 |
| 25 | CHICAGO WHITE SOX<br>333 WEST 35TH STREET<br>CHICAGO, IL 60616 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 312-674-1000<br>FAX: 312-674-5103 | TRADE VENDOR | | | | $16,808.00 |
| 26 | TOWSLEY'S INC.<br>1424 DEWEY STREET<br>MANITOWOC, WI 54220-6433 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 414-683-7400<br>FAX: 920-683-7410<br>info@towsleys.com | TRADE VENDOR | | | | $15,045.80 |
| 27 | HILLS CRANE INSPECTION SERVICE, INC.<br>683 TURTLEDOVE LANE<br>NEW LENOX, IL 60451 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 815-485-6339<br>FAX: 800-210-1890 | TRADE VENDOR | | | | $13,378.00 |
| 28 | MOE CONST IND RSCH SERV TR FND<br>M.O.E. FRINGE BENEFIT FUNDS<br>6200 JOLIET RD<br>COUNTRYSIDE, IL 60525 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 708-579-6620<br>FAX: 708-482-3056 | TRADE VENDOR | | | | $13,130.91 |
| 29 | JACKSON/LEWIS<br>150 NORTH MICHIGAN AVE. SUITE 2500<br>CHICAGO, IL 60601 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 312-787-4949<br>FAX: 312-787-4972 | TRADE VENDOR | | | | $11,957.07 |
| 30 | MCGRATH OFFICE EQUIPMENT<br>710 WEST JEFFERSON ST<br>JOLIET, IL 60435 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 815-722-6656<br>FAX: 815-722-2438 | TRADE VENDOR | | | | $11,345.44 |

# United States Bankruptcy Court
## Northern District of Illinois

In re  Chellino Crane Inc.
                                    Debtor(s)

Case No.
Chapter  11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Frank J. Chellino Trust | | | 50% of the issued common stock |
| Gregory Chellino Trust | | | 50% of the issued common stock |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  May 5, 2017          Signature  _Gregory Chellino_

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Northern District of Illinois

In re   Chellino Crane Inc.                                      Case No.
                          Debtor(s)                              Chapter   11

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __Chellino Crane Inc.__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

May 5, 2017
Date

Jonathan P. Friedland, Esq. (6257902)
Signature of Attorney or Litigant
Counsel for   Chellino Crane Inc.
Sugar Felsenthal Grais & Hammer LLP
30 North LaSalle Street
Suite 3000
Chicago, IL 60602
3127049400
jfriedland@sfgh.com

01/2012

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

IN RE:  )
    Chellino Crane Inc.  )  Chapter 11
    )  Bankruptcy Case No.
    )
    Debtor(s)  )

## DECLARATION REGARDING ELECTRONIC FILING
## PETITION AND ACCOMPANYING DOCUMENTS

### DECLARATION OF PETITIONER(S)

A.    [To be completed in all cases]

I(We), **Gregory Chellino**, the undersigned debtor(s), corporate officer, partner, or member hereby declare under penalty of perjury that (1) the information I(we) have given my (our) attorney is true and correct; (2) I(we) have reviewed the petition, statements, schedules, and other documents being filed with the petition; and (3) the document's are true and correct.

B.    [To be checked and applicable only if the petition is for a corporation or other limited liability entity.]

☑ I, **Gregory Chellino**, the undersigned, further declare under penalty of perjury that I have been authorized to file this petition on behalf of the debtor.

**Gregory Chellino**
Printed or Typed Name of Debtor or Representative

*/s/ Gregory Chellino*
Signature of Debtor or Representative

May 5, 2017
Date

Printed or Typed Name of Joint Debtor

Signature of Joint Debtor

Date