UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: ) | BK No.: 17-14200 | |
| CHELLINO CRANE, INC., et al. ) | (Jointly Administered) | |
| ) | Chapter: 11 | |
| ) | Honorable Carol Doyle | |
| ) | | |
| ) | | |
| Debtor(s) ) | | |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN THEIR PREPETITION INSURANCE COVERAGE AND PREPETITION INSURANCE PREMIUM FINANCING AGREEMENT, (B) SATISFY PAYMENT OF PREPETITION OBLIGATIONS RELATED TO THAT INSURANCE COVERAGE IN THE ORDINARY COURSE OF BUSINESS, AND (C) RENEW, SUPPLEMENT, OR ENTER INTO NEW INSURANCE COVERAGE IN THE ORDINARY COURSE OF BUSINESS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the above-captioned Debtors and Debtors in Possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (I) authorizing the Debtors to (a) continue prepetition practices regarding their Insurance Policies and Insurance Premium Financing Agreement, (b) satisfy payment of prepetition obligations related to the Insurance Policies in the ordinary course of business, and (c) renew, supplement, or enter into new coverage in the ordinary course of business, and (II) granting related relief, all as more fully set forth in the Motion; and after due deliberation and sufficient cause appearing therefor,

It is hereby Ordered:

1. The Motion is granted on a final basis as set forth in this Final Order. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtors are authorized, but not directed to, in consultation with the Official Committee of Unsecured Creditors, continue their Insurance Policies and Insurance Premium Financing Agreement in the ordinary course of business and to pay any prepetition or postpetition obligations related to their Insurance Policies, to the extent that the Debtors determine that such payment is necessary or appropriate.

3. The Debtors are authorized, but not directed, to renew, supplement, modify, or purchase Insurance Policies to the extent that the Debtors determine that such action is in the best interest of their estates.

4. Notwithstanding anything to the contrary contained herein, the relief granted in this Order and any payment to be made hereunder shall be subject to the terms of any orders granting the use of cash collateral approved by this Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use), and to the extent there is any inconsistency between the terms of such cash collateral orders and any action taken or proposed to be taken hereunder, the terms of such cash collateral orders shall control.

5. In addition to the relief granted under this Order, the Debtors are specifically authorized, under section 364(c)(2) of the Bankruptcy Code, to enter into a Premium Finance Agreement (the

"PFA") with IPFS Corporation ("IPFS"), which PFA provides for the financing of certain insurance premiums to be paid for the Debtors' insurance policies as set forth in the Motion, which executed agreement the debtor is free to file with the court (although no court orde4r is reuqired for such an act by the debtor).

6. The Debtors are hereby authorized to enter into and to perform under the PFA and to execute and deliver such documents and amendments to the PFA that the Debtors and IPFS may deem reasonably necessary or desirable to carry out the PFA.

7. Provided that the Debtors enter into the PFA, IPFS is hereby granted a first and only priority security interest in: (i) any and all unearned premiums and dividends which may become payable under the insurance policies financed by the PFA for whatever reason; and (ii) loss payments which reduce the unearned premiums, subject to any mortgagee or loss payee interests (the "IPFS Lien"). The IPFS Lien, in connection with the PFA and its related insurance policies, shall be senior to any security interests or liens granted to any other secured creditors in these cases.

8. The Debtors are authorized to pay IPFS all sums due pursuant to the PFA, and that the full rights of IPFS pursuant to the PFA and controlling state law be and the same hereby are fully preserved and protected and are and shall remain unimpaired by the pendency of these bankruptcy cases, any subsequent conversion of this proceeding to one under Chapter 7 of the Bankruptcy Code, or any subsequent appointment of a trustee.

9. In the event that the Debtors default upon any of the terms of the PFA, IPFS may exercise such rights as it may otherwise have under state law, but for the pendency of this proceeding and, without the necessity of further application to this Court, cancel all insurance policies listed on the PFA or any amendment thereto, and receive and apply all unearned insurance premiums to the account of the Debtors. In the event that, after such application of unearned premiums, any sums still remain due to IPFS pursuant to the PFA, such deficiency shall be deemed an administrative expense of the estate.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

Enter:

*/s/ Carol Doyle*

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated: June 01, 2017

**Prepared by:**

Jonathan P. Friedland, Esq. (IL No. 6257902)
Aaron L. Hammer, Esq. (IL No. 6243069)
Elizabeth B. Vandesteeg, Esq. (IL No. 6291426)
SUGAR FELSENTHAL GRAIS & HAMMER LLP
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951