UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>Chellino Crane, Inc., et al.<br><br>Debtor(s) | BK No.: 17-14200<br>(Jointly Administered)<br>Chapter: 11<br>Honorable Carol A. Doyle |

## FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE USING THEIR CASH MANAGEMENT SYSTEM, (B) MAINTAIN THEIR EXISTING BANK ACCOUNTS AND BUSINESS FORMS, (C) HONOR CERTAIN PREPETITION OBLIGATIONS, AND (D) CONTINUE INTERCOMPANY TRANSACTIONS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the above-captioned Debtors and Debtors in Possession (collectively, the "Debtors") for entry of a final order (I) authorizing the Debtors to (a) continue to operate their Cash Management System, (b) maintain their existing bank accounts and business forms, (c) honor certain prepetition obligations related to the Cash Management System and otherwise approved by the Court, and (d) continue to perform Intercompany Transactions consistent with historical practice, and (II) granting related relief, as more fully set forth in the Motion and the First Day Declaration; the Court having reviewed the Motion and heard the statements in support of the relief requested therein at a hearing; it is

Hereby Ordered that:

1. The Motion is granted as follows on a final basis. Capitalized terms used in this Order, but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtors are authorized to (a) continue operating the Cash Management System, substantially as identified on Annex 1 attached to this Order and as described in the Motion, (b) maintain their existing bank accounts and business forms, (c) honor certain prepetition obligations related to the Cash Management System or otherwise approved by the Court, and (d) continue conducting ordinary course Intercompany Transactions.

3. Notwithstanding anything to the contrary in the Motion, only upon entry of a final DIP Order shall the Debtors be authorized to open and utilize the First Midwest Collections Account as set forth in the Motion.

4. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

5. Notwithstanding anything to the contrary contained herein, the relief granted in this Final Order and any payment to be made hereunder shall be subject to the terms of any orders granting the use of cash collateral approved by this Court in these Chapter 11 Cases (including with respect to any budgets governing or relating to such use), and to the extent there is any inconsistency between the

terms of such cash collateral orders and any action taken or proposed to be taken hereunder, the terms of such cash collateral orders shall control.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

Enter:

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated: 6/2/17

**Prepared by:**
Jonathan P. Friedland (IL No. 6257902)
Elizabeth B. Vandesteeg (IL No. 6291426)
Jack O'Connor (IL No. 6302674)
Sugar Felsenthal Grais & Hammer LLP
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951

Rev: 20170105_bko