UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re: <br> CHELLINO CRANE, INC., et al. <br><br><br> Debtor(s) | BK No.: 17-14200 <br> (Jointly Administered) <br> Chapter: 11 <br> Honorable Carol A. Doyle |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY
CERTAIN PREPETITION (A) WAGES, SALARIES, AND OTHER
COMPENSATION, (B) REIMBURSABLE EMPLOYEE EXPENSES,
AND (C) OBLIGATIONS RELATING TO MEDICAL AND OTHER
BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of debtors and debtors-in-possession (collectively the "Debtors") for entry of a final order (this "Final Order") (I) authorizing the Debtors to pay in the ordinary course of business certain prepetition (a) wages, salaries, and other compensation described below, (b) reimbursable employee expenses, and (c) obligations relating to medical and other benefits programs, and (II) granting related relief, all as more fully set forth in the Motion; the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtors are authorized, but not directed, to continue to honor the Employee Compensation and Benefits and to pay any prepetition amounts in connection therewith.

3. The Debtors are authorized, but not required, to continue to honor all obligations to the Union Employees under the collective bargaining agreement.

4. The Debtors are authorized, but not required, to pay the aggregate sum of up to $100,000 to the International Union of Operating Engineers, Local 150, AFL-CIO (the "Union"); Midwest Operating Engineers Pension Trust Fund (the "Pension Fund"); Local 150 IUOE Vacation Savings Plan (the "Vacation Savings Plan"); Midwest Operating Engineers Retirement Enhancement Fund (the "Retirement Fund"); Operating Engineers Local 150 Apprenticeship Fund (the "Apprenticeship Fund"); Midwest Operating Engineers Health & Welfare Fund (the "Health & Welfare Fund"); and/or Construction Industry Research and Service Trust Fund (collectively, with the Pension Fund, the Vacation Savings Plan, the Retirement Fund, the Apprenticeship Fund, and the Health & Welfare Fund, the "Funds"), on account of prepetition obligations under its collective bargaining agreement (the "CBA") with the Union and/or the Funds (the "Union/Funds Payment"), to fund certain outstanding unpaid amounts owed under the CBA to the Union and/or Funds for benefits provided to the Debtors' Union Employees by the Union and/or Funds, in exchange for the agreement of the Union not to strike and picket or create work stoppages during these chapter 11 cases on account of these outstanding prepetition amounts.

5. In the event the Union initiates a strike, picket, or any other work stoppage on account of the Debtors' prepetition obligations to the Union and/or the Funds, the Union/Funds Payment shall be immediately repaid to the Debtors within 5 business days without need for the Debtors to take any further action to recover the Union/Funds Payment.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized, and to the extent funds are available, directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

7. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored in respect of payments of prepetition obligations described in the Motion that are dishonored or rejected.

8. Notwithstanding anything to the contrary contained herein, the relief granted in this Final Order and any payment to be made hereunder shall be subject to the terms of any orders granting the use of cash collateral approved by this Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use), and to the extent there is any inconsistency between the terms of such cash collateral orders and any action taken or proposed to be taken hereunder, the terms of such cash collateral orders shall control.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

Enter:

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated: 6/2/17

**Prepared by:**
Jonathan P. Friedland, Esq. (IL No. 6257902)
Aaron L. Hammer, Esq. (IL No. 6243069)
Elizabeth B. Vandesteeg, Esq. (IL No. 6291426)
SUGAR FELSENTHAL GRAIS & HAMMER LLP
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951

Rev: 20170105_bko