# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVSION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 17 B 14200 |
| | ) | |
| CHELLINO CRANE, INC., et al., | ) | (Jointly Administered) |
| | ) | Chapter 11 |
| | ) | |
| Debtor(s). | ) | Honorable Janet S. Baer |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING CONWAY MACKENZIE, FINANCIAL ADVISORS TO THE DEBTORS, COMPENSATION AND REIMBURSEMENT OF EXPENSES ON ITS FIRST INTERIM APPLICATION

| | | | |
|---|---|---|---|
| **TOTAL FEES REQUESTED:** | $397,431.60 | **TOTAL COSTS REQUESTED:** | $3,986.05 |
| **TOTAL FEES REDUCED:** | $10,615.00 | **TOTAL COSTS REDUCED:** | $750.00 |
| **TOTAL FEES ALLOWED:** | $386,816.60 | **TOTAL COSTS ALLOWED:** | $3,236.05 |

### TOTAL FEES AND COSTS ALLOWED: $390,052.65

Conway Mackenzie ("Conway) was retained as Financial Advisor to the Debtors under sections 327(a), 328 and 1107(b) of the Bankruptcy Code (the "Code") pursuant to an order entered by the Court on June 1, 2017. The Order does not provide that Conway was required to comply with sections 330 and 331 of the Code and applicable Bankruptcy Rules and Local Rules but compliance with such Code and Rule sections is presumed as the order indicated that all compensation for professional services rendered in this case and reimbursement of out of pocket expenses shall be subject to order of this Court.

Pursuant to section 330(a)(1) of the Code, the Court may award reasonable compensation for actual, necessary services rendered by a professional and reimbursement for actual, necessary expenses incurred. In determining the amount of reasonable compensation to award, pursuant to section 330(a)(3), the Court shall consider, among other things, the nature, the extent and the value of such services, taking into account all relevant factors, including the time spent on such services, whether the services were necessary to the administration of or beneficial at the time the services were rendered, and whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed. The court shall not allow compensation for unnecessary services, duplication of services or services that were not reasonably likely to benefit the debtor's estate or necessary to the administration of the case.

In light of the requirements of section 330 of the Code, the Court has reduced the amount of compensation to be awarded to Conway for the following services for the following reasons:

1. The Court has reduced the award for services requested in the category designated as "Meetings & Communications" by $10,000.00. The Court denies the allowance, in part, of compensation for tasks when the professional expended an unreasonable amount of time on a task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) (Court will determine what is the reasonable amount of time a professional should have to spend on a given project. A professional should not be rewarded for inefficiency.) Similarly, professionals will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate. *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987). In reviewing the services in this category, the Court finds certain of the time expended was excessive, especially regarding the process by which investment bankers were discussed and selected.

2. The Court has reduced the award for services requested in the category designated as "Cash Flow Analysis/Reporting" by $615.00 for the time incurred on May 8, 2017 described as "Bankruptcy 101 Call with SFGH." Given the extensive experience of both Conway and SFGH in bankruptcy related matters, neither firm should be engaged in (or at least bill the estate for) instructing each other on basic bankruptcy concepts.

3. The Court has reduced the award for expenses incurred by Conway by $750.00 for one excessive lunch and one excessive breakfast (on 5/23 and 6/19). These meal expenses were neither reasonable nor necessary.

**DATED:**      December 28, 2017

**ENTERED:**

Janet S. Baer
United States Bankruptcy Judge

2