UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 17 B 14200 |
| | ) | |
| CHELLINO CRANE, INC., et al., | ) | (Jointly Administered) |
| | ) | Chapter 11 |
| | ) | |
| Debtor(s). | ) | Honorable Janet S. Baer |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING COMPENSATION AND REIMBURSEMANT OF EXPENSES TO EMERALD CAPITAL ADVISORS, FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, ON ITS FIRST INTERIM FEE APPLICATION**

| | | | |
|---|---|---|---|
| **TOTAL FEES REQUESTED:** | $142,475.00 | **TOTAL COSTS REQUESTED:** | $5,478.35 |
| **TOTAL FEES REDUCED:** | $44,375.00 | **TOTAL COSTS REDUCED:** | $1,205.00 |
| **TOTAL FEES ALLOWED:** | $98,100.00 | **TOTAL COSTS ALLOWED:** | $4,273.35 |

**TOTAL FEES AND COSTS ALLOWED: $102,373.35**

Emerald Capital Advisors ("Emerald") was retained as Financial Advisor to the Official Committee of Unsecured Creditors under sections 328(a) and 1103(a) of the Bankruptcy Code (the "Code") pursuant to an order entered by the Court on June 21, 2017. Pursuant to that Order, Emerald was required to comply with sections 330 and 331 of the Code and applicable Bankruptcy Rules and Local Rules but compliance with Bankruptcy Rule 2016(a), Local Rule 5082-1(c) and the U.S. Trustee's Fee Guidelines were waived.[1]

Pursuant to section 330(a)(1) of the Code, the Court may award reasonable compensation for actual, necessary services rendered by a professional and reimbursement for actual, necessary expenses incurred. In determining the amount of reasonable compensation to award, pursuant to section 330(a)(3), the Court shall consider, among other things, the nature, the extent and the value of such services, taking into account all relevant factors, including the time spent on such services, whether the services were necessary to the administration of or beneficial at the time the services were rendered, and whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed. The court shall not allow compensation for unnecessary

---

[1] The court notes that while Emerald was not required to comply with Local Rule 5082-1(c), the time descriptions supplied with its fee application were virtually impossible for the Court to read. In the future, the Court requests that Emerald supply its descriptions in a larger type font and format so that the Court can more readily read the supporting information.

services, duplication of services or services that were not reasonably likely to benefit the debtor's estate or necessary to the administration of the case.

In light of the requirements of section 330 of the Code, the Court has reduced the amount of compensation to be awarded for the following services for the following reasons.

1. The Court has reduced the award for services requested in the category designated as "Bankruptcy Filings & Document Review" by 50% (from $18,975 to $9,487.50). The Court denies the allowance in part of compensation for tasks when the professional expended an unreasonable amount of time on a task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) (Court will determine what is the reasonable amount of time a professional should have to spend on a given project. A professional should not be rewarded for inefficiency.) Similarly, professionals will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate. *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987). In reviewing the services in this category, the Court finds that many of the services were not necessary services to be provided by a financial advisor and appear to be duplicative of services provided by Committee counsel.

2. The Court has reduced the award for services in the categories designated as "Case Administration/Management/Strategy" and "Debtor Professionals- Meetings/Discussions" by 50% each ( from $22,550 and $22,025 respectively, to $11,275 and 11,012.50.) for similar reasons to those outlined in 1. above. The services, as described, appear to have been unreasonable in light of the nature of the tasks described, inefficient and duplicative of services provided by other professionals in the case.

3. The Court has reduced the award for services requested in the category designated as "Professional Retention/Fee Application Preparation" from $12,600 to $7100. The time devoted in this category was disproportionate to the total hours in the case. *See In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%); *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

4. The Court has reduced the expenses awarded from $5,478.35 to $4,273.35. The Court understands that pursuant to its Engagement letter with the Committee, Emerald was entitled to request reimbursement for reasonable expenses, including expenses related to travel. The court notes that while it very much welcomes out of town counsel and other professionals, in an administratively insolvent case like this, it seriously questions the Committee's decision to engage an out of town financial advisor and force the estate to incur the costs of the corresponding travel required by the financial advisor to attend

2

meetings and hearings in Chicago. The Court must be guided by section 330 of the Code which provides that the expenses being charged the estate are reasonable and necessary. The Court does not find that the total costs of the airfare charged for Emerald to travel from New York to Chicago or the car service charges incurred related to that travel were wholly reasonable or necessary.

Further, the Court finds that certain monthly costs for publications such as "The Deal" are overhead costs that should be borne Emerald. The Court denies reimbursement for fees or expenses that are overhead costs. Expenses which are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985.)).

**DATED**:     December 28, 2017

**ENTERED**:

Janet S. Baer
United States Bankruptcy Judge