**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Chellino Crane, Inc., *et al.*[1] | ) | Case No. 17-14200 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Janet S. Baer |

### NOTICE OF MOTION

*Please take notice* that on **August 16, 2018**, at **10:30 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge, or any other judge sitting in her stead, in Courtroom 615 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached ***Second & Final Application of Sugar Felsenthal Grais & Helsinger LLP for Compensation & Reimbursement of Expenses as Counsel to the Debtors***, at which time and place you may appear as you see fit.

Date: June 21, 2018

*Sugar Felsenthal Grais & Helsinger LLP*

By:  /s/ Jonathan Friedland
    One of its Attorneys

Jonathan P. Friedland (IL No. 6257902)
Elizabeth B. Vandesteeg (IL No. 6291426)
Jack O'Connor (IL No. 6302674)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.372.7951
jfriedland@SFGH.com
evandesteeg@SFGH.com
joconnor@SFGH.com

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CC Equipment, Inc., f/k/a Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

**CERTIFICATE OF SERVICE**

   I certify that on **June 21, 2018**, a true and correct copy of the *Second & Final Application of Sugar Felsenthal Grais & Helsinger LLP for Compensation & Reimbursement of Expenses as Counsel to the Debtors* was served on all parties entitled to service via the Court's CM/ECF system, and via electronic mail upon the parties appearing on the service list below.

Date: June 21, 2018           By:  /s/ Jack O'Connor
                        One of SFGH's attorneys

**Service List**

*Via E-Mail:*

*Joseph D. Frank*
FrankGecker, LLP
325 North LaSalle St., Ste. 625
Chicago, IL 60654
jfrank@fgllp.com
*Counsel to the Chapter 7 Trustee*

*Foley & Lardner LLP*
Attn: Mark Prager, Esq.
321 North Clark St., Ste. 2800
Chicago, IL 60606
MPrager@foley.com
*Counsel for First Midwest Bank*

*Freeborn & Peters LLP*
Attn: Shelly Derousse, Esq. &
Devon Eggert, Esq.
311 South Wacker Dr., Ste. 3000
Chicago, IL 60606
sderousse@freeborn.com
deggert@freeborn.com
*Co-Counsel for the Creditors' Committee*

*Office of the United States Trustee*
Attn: Roman L. Sukley
219 S. Dearborn St., Room 873
Chicago, IL 60604
roman.l.sukley@usdoj.gov

*Brown Rudnick LLP*
Attn: Bennett S. Silverberg, Esq. &
Gerard T. Cicero, Esq.
Seven Times Square
New York, NY 10036
BSilverberg@brownrudnick.com
*Co-Counsel for the Creditors' Committee*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Chellino Crane, Inc., *et al.*[1] | ) Case No. 17-14200 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Honorable Janet S. Baer |

**COVER SHEET**
**SECOND & FINAL APPLICATION OF SUGAR FELSENTHAL GRAIS & HELSINGER LLP FOR COMPENSATION & REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS**

| | |
|---|---|
| Name of Applicant: | Sugar Felsenthal Grais & Helsinger LLP |
| Authorized to provide services to: | Debtors |
| Effective Date of Retention: | May 5, 2017 (Dkt. 171) |
| Period for which compensation is sought: | May 5, 2017 through December 19, 2017 |
| Amount of compensation sought as actual, reasonable, and necessary: | $1,564,203.75 |
| Amount of expense reimbursement sought: | $8,689.95 |
| Total interim request: | $1,572,893.70 |

This is a **final** application

| | |
|---|---|
| Date:   June 21, 2018 | SUGAR FELSENTHAL GRAIS & HELSINGER LLP |
| | By:   /s/ Jonathan Friedland, Esq. |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CC Equipment, Inc., f/k/a Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Chellino Crane, Inc., *et al.*[1] | ) | Case No. 17-14200 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Janet S. Baer |
| | ) | |

**SECOND & FINAL APPLICATION OF SUGAR FELSENTHAL GRAIS & HELSINGER LLP FOR COMPENSATION & REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS**

Sugar Felsenthal Grais & Helsinger LLP ("*SFGH*"), counsel to CC Equipment, Inc., f/k/a Chellino Crane, Inc., *et al.*, (the "*Debtors*"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "*Cases*"), submits this second and final application for compensation and reimbursement of expenses as counsel to the Debtors (the "*Fee Application*") under § 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Federal Rule of Bankruptcy Procedure 2016, Local Rule 5082-1, and according to the Court's *Administrative Order Establishing Procedures for Interim Compensation & Reimbursement of Expenses of Professionals & Committee Members* (the "*Compensation Order*"). (Dkt. 204.) In support of this Fee Application, SFGH states:

**I. JURISDICTION & VENUE**

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested in this Application are §§ 330, 331, 503(b), and 507(a)(2) of the Bankruptcy Code, Rule 2016 of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CC Equipment, Inc., f/k/a Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 5082-1.

## II. BACKGROUND

On May 5, 2107 (the "**Petition Date**"), the Debtors filed a voluntary petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code. The Court entered an order approving the Debtors' Application to employ SFGH as its counsel, retroactive to the Petition Date, on June 1, 2017. (Dkt. 171.) The Court entered the Compensation Order on June 7, 2017. (Dkt. 204.) The Compensation Order authorizes each professional retained in these Cases, including SFGH, to file and serve on the parties identified in the Compensation Order (the "**Notice Parties**") monthly statements of fees and expenses. If no timely objection was filed before the expiration of the objection period, the Debtors were authorized to pay each professional 80% of the fees and 100% of the expenses requested in the monthly statement.

The Office of the U.S. Trustee appointed an official committee of unsecured creditors (the "**Committee**") in these Cases on May 17, 2017. (Dkt. 113.)

On December 19, 2017 (the "**Conversion Date**"), the Cases were converted to proceedings under chapter 7 of the Bankruptcy Code, (Dkt. 636), terminating SFGH's engagement as counsel to the Debtors.

## III. SFGH'S SERVICES RENDERED & EXPENSES INCURRED DURING THE APPLICATION PERIOD

### A. SFGH's First Interim Fee Application & Request for Final Approval of Amounts Allowed Under First Interim Fee Order

SFGH submitted its *First Interim Application of Sugar Felsenthal Grais & Hammer LLP for Compensation and Reimbursement of Expenses as Counsel to the Debtors* (the "**First Interim Application**") in these Cases seeking allowance of its fees and expenses on an interim basis in the amount of $872,117.00 in fees, and $2,007.11 in expenses for the period beginning on the Petition Date and ending on July 31, 2017 (the "**First Interim Period**"). (Dkt. 479.) The Court

issued an order (the "*First Interim Fee Order*") partially allowing SFGH's fees and expenses requested under the First Interim Application. (Dkt. 639.) The First Interim Fee Application, along with the amounts allowed by the Court under the Interim Fee Order are summarized as follows:

| Date Filed (Dkt. No.) | Period Covered | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed |
|---|---|---|---|---|---|
| 03.20.16 (Dkt. 184) | 05.05.17 – 07.31.17 | $872,117.00 | $2,007.11 | $723,150.75 | $2,007.11 |

The Court disallowed, on an interim basis, a total of $148,966.25 in compensation under the Interim Fee Order. Under this Fee Application, SFGH requests that the Court allow, on a final basis, those amounts it already allowed on an interim basis under the First Interim Fee Order.

### B. SFGH's Fees & Expenses During the Second Interim Period & Request for Final Approval of Same

In addition to the amounts for which SFGH requests final approval incurred during the First Interim Period, SFGH is seeking final approval of $841,053.00 as compensation, and $6,682.84 in reimbursable expenses for services it performed during the Second Interim Period (defined below). These amounts are discussed in greater detail below.

As provided for under the Compensation Order, SFGH filed monthly statements for interim compensation and expense reimbursement (collectively, the "*Monthly Statements*") during the period beginning August 1, 2017 and ending on the Conversion Date (the "*Second Interim Period*"). The amounts sought under each Monthly Statement, along with reductions sought on a monthly basis due to objections filed by First Midwest Bank,[2] are summarized as follows:

---

2  As noted in the chart below, First Midwest Bank filed objections to SFGH's August and September Monthly Statements. *See* (Dkts. 535, 579). Under both objections, First Midwest Bank objected on the sole basis that the total amounts SFGH could be paid at that time must be capped at the amount budgeted.

3

| Date Filed (Dkt. No.) | Monthly Period | Total Fees | Total Expenses | Reduction: Objection to Mo. Stmt. by FMB[3] | Net Fees (80% or Net of Objections) | Net Expenses | Subtotal Monthly Fees + Expenses |
|---|---|---|---|---|---|---|---|
| 09.15.17 (Dkt. 520) | August 2017 | $346,560.00 | $3,707.11 | $(101,193.89) | $196,292.89 | $3,707.11 | $200,000.00 |
| 10.16.17 (Dkt. 558) | September 2017 | $177,751.00 | $942.66 | $(178,693.66) | $0.00 | $0.00 | $0.00 |
| 11.15.17 (Dkt. 602) | October 2017 | $125,315.50 | $875.87 | $0.00 | $100,252.40 | $875.87 | $101,128.27 |
| 02.09.18 (Dkt. 680) | November & December 2017 | $191,426.50 | $1,157.20 | $0.00 | $153,141.20 | $1,157.20 | $154,298.40 |
| | **Totals:** | **$841,053.00** | **$6,682.84** | **$(279,887.55)** | **$449,686.49** | **$5,740.18** | **$455,426.67** |

Attached to this Fee Application as **Exhibit A**, in the form of the Monthly Statements, are detailed statements of fees incurred during the Second Interim Period in the total amount of $841,053.00. The time described in the billing statements attached to this Fee Application represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by SFGH attorneys and paralegals who rendered the services described. In many instances, the time reflected in the billing statements has been reduced, or "no-charged" in an effort by SFGH to eliminate excessive, duplicative, or in hindsight, unnecessary or unproductive services.

C. **Summary of SFGH's Services Rendered & Expenses Incurred During the Second Interim Period**

During the Second Interim Period, SFGH's professionals spent a total of **1,547.7** hours providing professional services to the Debtors in these Cases at a total cost of **$841,053.00**. The Debtors' professionals expended a significant effort during the Second Interim Period to ensure the successful administration of these Cases, including negotiating the terms of stalking horse asset purchase agreements with multiple parties, successfully establishing a process by which the

---

[3] Again, First Midwest Bank objected to the amount of fees and expenses owed to SFGH in excess of $279,887.55 for August and September 2017.

4

Debtors could sell their assets, while simultaneously addressing numerous and constant issues raised by the Debtors' various secured lenders, who continually opposed the Debtors' proposed courses of action in these Cases. Accordingly, the time spent and expenses incurred during the Second Interim Period were necessary and appropriate under the circumstances, with SFGH attending to essential tasks during the Second Interim Period.

A summary of the compensation sought for the Second Interim Period, itemized by professional and paraprofessional, follows:

| Name | Abbrev. | Title | Reduced Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| Jonathan P. Friedland | JPF | Senior Partner | $795 | 309.0 | $ 245,655.00 |
| Aaron L. Hammer | ALH | Senior Partner | $795 | 33.6 | $ 26,712.00 |
| Mark S. Melickian | MSM | Partner | $695 | 40.2 | $ 27,939.00 |
| Elizabeth B. Vandesteeg | EBV | Partner | $645 | 299.0 | $ 192,855.00 |
| Leland H. Chait | LHC | Partner | $485 | 61.0 | $ 29,585.00 |
| Matthew B. Schiff | MBS | Partner | $495 | 48.5 | $ 24,007.50 |
| David M. Madden | DMM | Counsel | $395 | 0.6 | $ 237.00 |
| John (Jack) R. O'Connor | JRO | Associate | $445 | 521.6 | $ 232,112.00 |
| Kathryn C. Nadro | KCN | Associate | $360 | 97.7 | 28,305.00 |
| Jeffrey M. Goldberg | JMG | Associate | $275/$295 | 64.4 | $ 18,236.00 |
| Jeffrey C. Demma | JCD | Paralegal | $275 | 37.8 | $ 8,715.00 |
| Jennifer Sherpan | JLS | Paralegal | $225 | 14.6 | $ 2,853.00 |
| Hajar Jouglaf | HJ | Law Clerk | $195 | 19.7 | $ 3,841.50 |
| | | | Total: | 1547.7 | $ 841,053.00 |
| | | | Blended Hourly Rate: | | $ 543.42 |

***(1) Summary Description of Services Rendered During the Second Interim Period by Category***

The services rendered by SFGH during the Second Interim Period are grouped into 17 categories, and the attorneys and paraprofessionals who rendered those services are identified—

5

along with the number of hours spent by each individual and the total compensation sought for each category—in the attachments to this Fee Application. Brief descriptions of the services rendered by SFGH during the Second Interim Period, by category, follow:

*1)  Case Administration*

SFGH spent 55.7 hours at a cost of $28,679.50 on matters relating to the administration of these Cases. This category includes time spent corresponding and conferencing with the Debtors' professionals and representatives regarding the status of the Cases. This category also includes matters encompassing more than one discrete category, and matters which did not fall within a specific category, including corresponding with the Debtors' claims and noticing agent regarding general service and related issues; and other tasks relating to the general administration of these Cases.

*2)  Reporting, Schedules, & SOFAs*

SFGH spent 3.1 hours at a cost of $1,277.50 on issues related to reporting requirements in these Cases, as well as issues relating to the Debtors' schedules and statements of financial affairs. This category includes time spent during the Second Interim Period reviewing and commenting on the Debtors' monthly operating reports.

*3)  Asset Analysis & Recovery*

SFGH spent 4.7 hours at a cost of $ $2,366.50 on issues related to analyzing and seeking to recover the Debtors' assets from third parties postpetition. This included time spent corresponding and negotiating with numerous third parties to recover assets of the Debtors' estates.

*4)  Employment & Fee Applications*

SFGH spent 117.7 hours at a cost of $49,190.50 related to preparing and presenting applications for interim compensation for the Debtors' professionals, as well as reviewing and analyzing applications for compensation of the Committee's professionals, and related matters. SFGH's professionals also spent time under this category drafting, reviewing, and revising monthly fee statements for each of the Debtors' professionals. In addition to these functions, SFGH's professionals also spent time reviewing the monthly fee statements submitted by the Committee's professionals in these Cases during the Second Interim Period.

*5)  Employment & Fee Applications Objections*

SFGH spent 8.9 hours at a cost of $2,892.50 related to objections to fee applications in these Cases. This category includes time reviewing and scrutinizing the interim applications and monthly fee statements of other professionals employed in these Cases,

6

particularly the Committee's professionals.

*6) Assumption & Rejection of Leases & Contracts*

SFGH spent 15.8 hours at a cost of $6,695.00 related to executory contracts and unexpired lease matters in these Cases. This category includes time spent during the Second Interim Period corresponding and negotiating with various counterparties to unexpired lease agreements, analyzing the postpetition necessity of the Debtors' executory contracts and leases not assumed by their asset purchase, and drafting, revising, and presenting a motion to reject certain executory contracts and unexpired leases.

*7) Claims Administration & Objections*

SFGH spent 14.0 hours at a cost of $5,336.00 related to analyzing claims and priority issues. This category includes time spent during the Second Interim Period analyzing and negotiating with various creditors asserting claims against the Debtors' estates, including claimed amounts for administrative priority payments, and analyzing treatment of claims held by parties who may assert claims against the estates for potential pension plan withdrawal liability.

*8) Financing & Cash Collateral*

SFGH spent 46.1 hours at a cost of $31,448.50 related to financing and cash collateral issues in these Cases. This category includes time spent negotiating, revisions to the Debtors' postpetition credit agreement and budgets agreed-to between the Debtors and their senior secured lender, First Midwest Bank, and presenting an agreed form of cash collateral order and budget to the Court.

*9) Meetings & Communications with Creditors*

SFGH spent 18.1 hours at a cost of $9,523.50 on meetings and communications with creditors during the Second Interim Period. This category includes time spent corresponding with various parties inquiring regarding the status of the Cases, communicating with the Committee through its professionals, and communicating with the Debtors' numerous secured creditors.

*10) Corporate Governance & Board Matters*

SFGH spent 11.7 hours at a cost of $5,701.50 on corporate governance and board matters for the Debtors. This category includes time spent during the Second Interim Period corresponding with the Debtors' corporate counsel relating to wind-down inquiries, and researching and drafting proposed resolutions for each of the Debtors relating to their continued administration in these Cases relating to the sale of their assets.

*11) Asset Disposition & 363 Sales*

SFGH spent 693.3 hours at a cost of $401,913.50 on issues relating to the sale of substantially all of the Debtors' assets under § 363 of the Bankruptcy Code. This category includes time spent during the Second Interim Period preparing for the auction of the Debtors' assets, negotiating and corresponding with the Debtors' asset purchaser, corresponding and addressing issues raised by numerous lenders participating (and not participating) in the Debtors' sale process; and appearing at the auction of the Debtors' assets. Following the auction, SFGH's professionals prepared for and appeared at a contested hearing to approve the sale of the Debtors' assets, which included numerous revisions to the proposed order approving the Debtors' asset sale, and addressing objections to the sale raised by the Committee and other parties in interest. Following the sale approval hearing, SFGH's professionals spent significant additional time to close the sale of the Debtors' assets to the asset purchaser, and addressing numerous issues raised by parties in interest following the Debtors' sale closing.

*12) Plan & Disclosure Statement*

SFGH spent 10.1 hours at a cost of $3,935.50 on matters related to drafting and presenting a motion to extend the exclusive period under which the Debtors could file a plan and disclosure statement, as well as analyzing whether the Debtors would seek to file a plan of liquidation following their asset sale.

*13) Litigation: Contested Matters & Adversary Proceedings*

SFGH spent 362.7 hours at a cost of $196,504.00 on matters related to litigation issues. This category includes time spent during the Second Interim Period analyzing, drafting, and preparing to present a motion seeking to surcharge numerous of the Debtors' lenders who elected not to participate in the Debtors' asset sale process under § 506(c) of the Bankruptcy Code. SFGH's professionals also spent time under this category corresponding and negotiating with counsel for various lenders named in the surcharge motion to seek to settle these claims. SFGH's professionals also spent significant time under this category analyzing and drafting a response to a motion to convert the Cases to chapter 7 proceedings, as well as representing the Debtors at a hearing on this motion. SFGH's professionals also spent time under this category monitoring adversary proceedings between third parties and non-bankruptcy litigation matters filed against the Debtors and their principals prepetition.

*14) Employee Issues, Benefits & Pensions*

SFGH spent 21.4 hours at a cost of $9,623.00 on issues related to employees, benefits, and pension issues in these Cases. This category includes time spent during the Second Interim Period analyzing the Debtors' employee benefits obligations postpetition; reviewing and analyzing the Debtors' union collective bargaining agreements; analyzing the terms of proposed asset purchase agreements to determine what impact, if any, an

8

asset sale would have against the Debtors' estates in the event of a sale to a strategic buyer, liquidator, or otherwise; and various other issues relating to the Debtors' employees during these Cases. SFGH's professionals also spent time during the Second Interim Period analyzing issues related to rejecting the Debtors' collective bargaining agreements and preparing notices to reject these agreements.

15) *Automatic Stay, Relief from Stay & Adequate Protection*

SFGH spent 144.0 hours at a cost of $75,878.00 relating to the application of the automatic stay, relief from the stay, and related adequate protection issues in these Cases. This category includes time spent reviewing, responding to, and appearing at hearings relating to ten different motions seeking relief from the automatic stay (each requiring factually distinct affidavits from two individuals); negotiating potential settlements with the moving lenders and with other lenders who lodged informal objections; substantial ongoing communications with the Debtors' financial advisor and primary secured lender regarding adequate protection issues; and preparing for and undertaking an evidentiary hearing against five different lenders, requiring substantial time preparing witnesses and exhibits for the evidentiary hearing.

16) *Tax Issues*

SFGH spent 6.4 hours at a cost of $3,858.00 on tax issues in these Cases. This category includes time spent during the Second Interim Period corresponding with the Debtors' principals and controller regarding accounting and tax issues in the Cases, conferring with proposed special tax counsel to address these issues, and reviewing correspondence from various taxing authorities in these Cases.

17) *Hearings*

SFGH spent 14.0 hours at a cost of $6,230.00 on hearings in these Cases. This category includes time spent preparing for and attending hearings covering more than one discrete category during the Second Interim Period.

*(2) Summary of Expenses Incurred During the Second Interim Period*

In compliance with Local Rule 5082-1B(1)(g), detailed itemizations of all expenses incurred during the Second Interim Period are set forth in **Exhibit B** attached to this Fee Application. Expenses during the Second Interim Period were incurred in the following categories:

a. *Photocopying*

SFGH incurred copying and printing charges in the amount of $2,887.19 during the Second Interim Period. SFGH charges clients $0.10 per copy.

9

    b. *Postage*

        SFGH incurred charges in the amount of $157.45 related to postage, delivery, and courier delivery costs during the Second Interim Period.

    c. *CM/ECF Access & Filing Charges*

        SFGH incurred charges for use of the Court's internal CM/ECF filing system, including filing fees in these Cases, in the amount of $179.51 during the Second Interim Period.

    d. *Local Transportation Expenses*

        SFGH incurred charges in the amount of $542.18 during the Second Interim Period relating to local transportation costs associated with these Cases. These charges include parking costs associated with meetings with various parties in these Cases, and charges associated with transportation following late work past mass transit operating hours.

    e. *Meeting Expenses*

        SFGH incurred charges in the amount of $510.49 for meeting expenses in these Cases during the Second Interim Period relating to meetings between SFGH and the Debtors' representatives or other parties in interest in these Cases, as well as expenses related to room rental fees to hold a meeting with the Debtors' secured lenders.

    f. *Miscellaneous Charges*

        SFGH incurred additional expenses in the amount of $2,406.02 in connection with other matters, including fees associated with transcript production requests, third party copying and binding services for the preparation of evidentiary hearing binders and related materials, working meal expenses, court reporting services for the auction of the Debtors' assets, and administrative fees charged by state government authorities necessary to close the Debtors' asset sale.

All expenses incurred by SFGH in connection with its representation of the Debtors were ordinary and necessary expenses. All expenses billed to the Debtors were billed in the same manner SFGH bills its non-bankruptcy clients. Furthermore, SFGH does not bill its clients or seek compensation in this Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, electronic legal research, and facsimile transmissions. These expenses are factored into SFGH's hourly rates.

**IV.  REQUEST FOR FINAL APPROVAL OF SFGH'S FEES & EXPENSES FOR ENTIRE APPLICATION PERIOD & APPROVAL OF LIMITED NOTICE OF THIS FEE APPLICATION**

This Fee Application is SFGH's second interim and final request for allowance of fees and reimbursement of expenses. Under this Fee Application, SFGH seeks approval on a final basis of all amounts allowed for the First Interim Period under the First Interim Fee Order, and all amounts incurred during the Second Interim Period (the "*Application Period*"). SFGH seeks an order (a) allowing and approving compensation to SFGH of $1,564,203.75 for professional services rendered, and reimbursement of $8,689.95 for actual and necessary expenses incurred by SFGH during the Application Period; and (b) authorizing payment to SFGH for amounts approved under the Fee Application not already paid by the Debtors, subject in all respects to prior orders of this Court.

To date, SFGH has been paid a total of $873,160.40 for its fees and expenses. Presuming this Fee Application is allowed in full–SFGH's outstanding amounts owed for unpaid fees and expenses during the Application Period will be $699,733.30.

SFGH's hourly rates of compensation for attorneys and paraprofessionals during the Application Period ranged from $195 to $795. These rates are comparable to, or lower than, rates charged by other practitioners having the same level of experience, expertise, and standing for similar services. SFGH consistently and consciously made every reasonable effort to represent the Debtors in the most economical, efficient, and practical manner possible.

All services for which SFGH seeks compensation under this Fee Application were performed for or on behalf of the Debtors. SFGH submits that the compensation sought under this Fee Application represents a fair and reasonable amount for the services rendered during the Application Period, given the criteria set forth in §§ 327 and 330 of the Bankruptcy Code for evaluating applications for compensation, namely:

11

    (i)    the nature, extent and value of the services;

    (ii)    the time spent;

    (iii)    the rates charged for such services;

    (iv)    the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed; and

    (v)    the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters.

### A. SFGH Provided a Benefit to the Estates During the Application Period

SFGH's rendered services during the Application Period that were beneficial to the Debtors' estates and creditors in these Cases, and the Court should approve its requested compensation on a final basis. SFGH provided valuable assistance and guidance to the Debtors as their counsel throughout the Application Period. From the Petition Date, SFGH's professionals worked to ensure the effective, smooth administration of these Cases, working with all parties in interest to ensure their success. SFGH endeavored to work with all parties in these Cases to reach a result that maximized value for stakeholders in these Cases.

SFGH also worked in tandem with the Debtors' financial advisor and investment banker to provide necessary legal support throughout the sale and marketing process, negotiating with key parties in the Cases to protect the Debtors' interests, and simultaneously seeking to maximize the value of the Debtors' estates. SFGH actively and zealously represented the Debtors in all matters during the chapter 11 proceedings.

### B. SFGH Has Provided Adequate Notice and Opportunity to Object to this Fee Application

In compliance with Bankruptcy Rule 2002(a)(6), SFGH is providing 21 days' notice of this Fee Application to (a) counsel for the Chapter 7 Trustee; (b) counsel for the Committee; (c) counsel for First Midwest Bank; (d) the Office of the United States Trustee; and (e) parties

who have filed a notice of appearance with the Clerk of the Court and requested notice of filings in these Cases.

SFGH requests that notice to the parties identified above be deemed sufficient in these Cases, and that SFGH not be required to serve copies of this Fee Application on all creditors. SFGH submits that notifying the above parties provides more than adequate notice of the Fee Application to parties in interest in these Cases, and that the parties served represent the most significant stakeholders remaining in these Cases. Furthermore, the task of serving all creditors with notice and copies of this Fee Application would be unnecessarily voluminous and costly. SFGH therefore requests that the Court approve notice of this Fee Application sufficient under the circumstances.

*Wherefore*, SFGH requests that this Court enter an order substantially in the form attached to this Fee Application that:

(a) Allows and approves final compensation to SFGH for $1,564,203.75 for professional services rendered, and reimbursement of $8,689.95 for actual and necessary expenses incurred by SFGH during the Application Period as the Debtors' counsel;

(b) Authorizes payment to SFGH for amounts approved under the Fee Application, including those not already paid by the Debtors, subject in all respects to pending orders of this Court;

(c) Approves notice of this Fee Application as sufficient under the circumstances; and

(d) Provides SFGH with any additional relief as may be appropriate under the circumstances.

Date: June 21, 2018 *Sugar Felsenthal Grais & Helsinger LLP*

By: /s/ Jonathan Friedland
      One of the Debtors' Attorneys

Jonathan P. Friedland, Esq. (IL No. 6257902)
Elizabeth B. Vandesteeg, Esq. (IL No. 6291426)
Jack O'Connor, Esq. (IL No. 6302674)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951
jfriedland@SFGH.com
evandesteeg@SFGH.com
joconnor@SFGH.com

*Counsel to the Debtors*