**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Chellino Crane, Inc., *et al.*[1] | ) | Case No. 17-14200 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Janet S. Baer |

*Please take notice* that on **August 16, 2018** at **10:30 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge, or any other judge sitting in her stead, in Courtroom 615 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached *Second and Final Application of Conway MacKenzie for Compensation and Reimbursement of Expenses as Financial Advisor to the Debtors*, at which time and place you may appear as you see fit.

July 13, 2018

By:   /s/ Elizabeth Vandesteeg
       One of the Debtors' former Attorneys

Jonathan P. Friedland (IL No. 6257902)
Elizabeth B. Vandesteeg (IL No. 6291426)
Jack O'Connor (IL No. 6302674)
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  (312) 704-9400
Facsimile:   (312) 372-7951
jfriedland@SFGH.com
evandesteeg@SFGH.com
joconnor@SFGH.com

*Former Counsel to the Debtors*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CC Equipment, Inc., f/k/a Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

SFGH:4846-5598-8054v3

**CERTIFICATE OF SERVICE**

I certify that on **July 13, 2018**, a true and correct copy of the *Second and Final Application of Conway MacKenzie for Compensation & Reimbursement of Expenses as Financial Advisor to the Debtors* was served on all parties entitled to service via the Court's CM/ECF system, and via electronic mail upon the parties appearing on the service list below.

Date: July 13, 2018                          By:  /s/  Jack O'Connor
                                                  One of the Debtors'
                                                  former attorneys

**Service List**

*Via E-Mail:*

**Joseph D. Frank**
FrankGecker, LLP
325 North LaSalle St., Ste. 625
Chicago, IL 60654
jfrank@fgllp.com
*Counsel to the Chapter 7 Trustee*

**Foley & Lardner LLP**
Attn: Mark Prager, Esq.
321 North Clark St., Ste. 2800
Chicago, IL 60606
MPrager@foley.com
*Counsel for First Midwest Bank*

**Freeborn & Peters LLP**
Attn: Shelly Derousse, Esq. &
Devon Eggert, Esq.
311 South Wacker Dr., Ste. 3000
Chicago, IL 60606
sderousse@freeborn.com
deggert@freeborn.com
*Co-Counsel for the Creditors' Committee*

**Office of the United States Trustee**
Attn: Roman L. Sukley
219 S. Dearborn St., Room 873
Chicago, IL 60604
roman.l.sukley@usdoj.gov

**Brown Rudnick LLP**
Attn: Bennett S. Silverberg, Esq. &
Gerard T. Cicero, Esq.
Seven Times Square
New York, NY 10036
BSilverberg@brownrudnick.com
*Co-Counsel for the Creditors' Committee*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Chellino Crane, Inc., *et al.*[2] | ) | Case No. 17-14200 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Janet S. Baer |

**COVER SHEET
SECOND & FINAL APPLICATION OF CONWAY MACKENZIE FOR COMPENSATION &
REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTORS**

| | |
|---|---|
| Name of Applicant: | Conway MacKenzie, Inc. |
| Authorized to provide services to: | Debtors |
| Effective Date of Retention: | May 5, 2017 (Dkt 172) |
| Period for which compensation is sought: | May 5, 2017 through December 19, 2017 |
| Amount of compensation sought as actual, reasonable, and necessary: | $611,219.60 |
| Amount of expense reimbursement sought: | $4,904.15 |
| Total request: | $616,123.75 |

This is a **final** application

| | |
|---|---|
| Date:  July 13, 2018 | Conway MacKenzie |
| | By:   /s/ Elizabeth Vandesteeg |

---

[2]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CC Equipment, Inc., f/k/a Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Chellino Crane, Inc., *et al.*[3] | ) Case No. 17-14200 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Janet S. Baer |

**SECOND & FINAL APPLICATION OF CONWAY MACKENZIE FOR
COMPENSATION & REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTORS**

Conway MacKenzie, Inc. ("*Conway*"), as financial advisor to CC Equipment, Inc., f/k/a Chellino Crane Inc., *et al*, (the "*Debtors*"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "*Cases*"), submits this second and final application for compensation and reimbursement of expenses as financial advisor to the Debtors (the "*Fee Application*") under § 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Federal Rule of Bankruptcy Procedure 2016, Local Rule 5082-1, and according to the Court's *Administrative Order Establishing Procedures for Interim Compensation & Reimbursement of Expenses of Professionals & Committee Members* (the "*Compensation Order*"). (Dkt. 204.) In support of this Fee Application, Conway states:

**I.   JURISDICTION & VENUE**

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested in this Application are §§ 328, 503(b), and 507(a)(2) of the Bankruptcy Code, Rule 2016 of the Federal

---

[3] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CC Equipment, Inc., f/k/a Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rule 5082-1.

## II. BACKGROUND

### A. Case Background

On May 5, 2017 (the "***Petition Date***"), the Debtors filed voluntary petitions for bankruptcy relief under Chapter 11 of the Bankruptcy Code. The Court entered an order approving the Debtors' Application to employ Conway (the "***Retention Application***") as their financial advisor, retroactive to the Petition Date, on June 1, 2017 (the "***Retention Order***"). (Dkt. 172.) The Court entered the Compensation Order on June 7, 2017. (Dkt. 204.) The Compensation Order authorized each professional retained in these Cases, including Conway, to file and serve on the parties identified in the Compensation Order (the "***Notice Parties***") monthly statements of fees and expenses. If no timely objection was filed before the expiration of the objection period, the Debtors were authorized to pay each professional 80% of the fees and 100% of the expenses requested in the monthly statement.

The Office of the U.S. Trustee appointed an official committee of unsecured creditors (the "***Committee***") in these Cases on May 17, 2017. (Dkt. 113.)

On December 19, 2017 (the "***Conversion Date***"), the Cases were converted to proceedings under chapter 7 of the Bankruptcy Code, (Dkt. 636.), terminating Conway's engagement as financial advisor to the Debtors.

## III. CONWAY'S SERVICES RENDERED & EXPENSES INCURRED DURING THE APPLICATION PERIOD

### A. Conway's First Interim Fee Application & Request for Final Approval of Amounts Allowed Under First Interim Fee Order

Conway submitted its *First Interim Application of Conway MacKenzie for Compensation & Reimbursement of Expenses as Financial Advisors to the Debtors* (the "***First Interim Application***") in these Cases seeking allowance of its fees and expenses on an interim basis in

2

the amount of $397,431.60 in fees, and $3,986.05 in expenses for the period on the Petition Date and ending on July 31, 2017 (the "*First Interim Period*"). (Dkt. 480.) The Court issued an order (the "*First Interim Fee Order*") partially allowing Conway's fees and expenses requested under the First Interim Application (Dkt. 645.) The First Interim Fee Application along with the amounts allowed by the Court under the Interim Fee Order are summarized as follows:

| Date Filed & (Dkt. No.) | Period Covered | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed |
|---|---|---|---|---|---|
| 08.30.17 (Dkt. 645) | 05.05.17 – 07.31.17 | $397,431.60 | $3,986.05 | $386,816.60 | $3,236.05 |

The Court disallowed, on an interim basis, a total of $10,615.00 in compensation, and $750.00 in expenses, under the Interim Fee Order. Under this Fee Application, Conway requests that the Court allow, on a final basis, those amounts it already allowed on an interim basis under the First Interim Fee Order.

**A. Conway's Fees & Expenses During the Second Interim Period & Request for Final Approval of Same**

In addition to the amount of fees for which Conway requests final approval that it incurred during the First Interim Period, Conway is seeking final approval of $224,403.00 as compensation, and $1,668.10 in reimbursable expenses for services it performed during the Second Interim Period (defined below). These amounts are discussed in greater detail below.

As provided for under the Compensation Order, Conway filed monthly statements for interim compensation and expense reimbursement (collectively, the "*Monthly Statements*") during the period beginning August 1, 2017 and ending on the Conversion Date (the "*Second Interim Period*"). No party objected to any of the Monthly Statements. The amounts sought under each Monthly Statement are summarized as follows:

3

| Date Filed (Dkt. No.) | Monthly Period | Fees | Expenses | Fees Owed (80%) | Expenses Owed (100%) | Subtotal Fees + Expenses |
|---|---|---|---|---|---|---|
| 06/22/2017 (Dkt. 521) | August 2017 | $100,253.50 | $366.15 | $80,202.80 | $366.15 | $80,568.95 |
| 07/13/2017 (Dkt. 559) | September 2017 | $43,631.00 | $446.69 | $34,904.80 | $446.69 | $35,351.49 |
| 08/15/2017 (Dkt. 603) | October 2017 | $38,979.50 | $577.96 | $31,183.60 | $557.96 | $31,761.56 |
| 02.09.18 (Dkt. 681)[4] | November & December 2017 | $41,539.00 | $277.30 | $33,231.20 | $277.30 | $33,508.50 |
| | **Totals:** | **$224,403.00** | **$1,668.10** | **$179,522.40** | **$1,668.10** | **$181,190.50** |

Attached to this Fee Application as **Exhibit A**, in the form of the Monthly Statements (and in the case of the Combined Seventh Monthly Statement, a corrected statement) are detailed statements of fees incurred during the Second Interim Period in the total amount of $224,403.00. The time described in the billing statements attached to this Fee Application represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by Conway professionals who rendered the services described. In many instances, the time reflected in the billing statements has been reduced, or "no-charged" in an effort by Conway to eliminate excessive, duplicative, or in hindsight, unnecessary or unproductive services

B. **Summary of Conway's Services Rendered & Expenses Incurred During the Second Interim Period**

During the Second Interim Period, Conway's professionals spent a total of **501.95** hours providing professional services to the Debtors in these Cases at a total reduced cost[5] of **$224,403.00**. Conway's professionals expended a significant effort during the Second Interim Period to ensure the successful administration of these Cases, including continuous reporting and

---

[4] Conway notes that its Combined Seventh Monthly Statement, filed at (Dkt. 681) has been updated to reflect the appropriate time entries for the month of November 2017. The Combined Seventh Monthly Statement inadvertently contained Conway's monthly statement for October 2017, which Conway now corrects by attaching the appropriate statement and entries.

[5] As described in its employment application (Dkt. 105), Conway reduced its customary hourly rates in these Cases as an accommodation to the Debtors, set at a level designed to fairly compensate Conway's professionals, and to cover fixed and routine overhead expenses.

communications with the Debtors' senior secured lender, First Midwest Bank, and supporting (while taking care to avoid duplicative efforts) the Debtors' investment banker in positioning the Debtors for the sale of their assets in a prompt, orderly manner. Accordingly, the time spent and expenses incurred during the Second Interim Period were necessary and appropriate under the circumstances, with Conway attending to essential tasks during the Second Interim Period.

A summary of the compensation sought for the Second Interim Period, itemized by professional and paraprofessional, follows:

| Name | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|
| A. Jeffrey Zappone | $755 | 62.8 | $ 47,414.00 |
| Jessica Marek | $410 | 426.65 | $ 174,926.50 |
| Katie Padley | $165 | 12.5 | $ 2,062.50 |
| **Total:** | | **501.95** | **$ 224,403.00** |
| | | **Blended Hourly Rate:** | **$ 447.06** |

***(1) Summary Description of Services Rendered During the Second Interim Period by Category***

The services rendered by Conway during the Second Interim Period are grouped into 19 categories, and the professionals who rendered those services are identified—along with the number of hours spent by each individual and the total compensation sought for each category—in the attachments to this Fee Application. Brief descriptions of the services rendered by Conway during the Second Interim Period, by category, follow:

*1) Asset Analysis & Recovery*

Conway spent 2.0 hours at a cost of $820.00 during the Second Interim Period on issues related to investigating the Debtors' prepetition operations and assets. This category includes time spent reviewing historical appraisals of the Debtors' equipment, responding to inquiries from the Debtors' various secured lenders relating to specific crane collateral, including availability of the Debtors' cranes for inspection, their respective locations, as well as coordinating with prospective buyers regarding inspecting cranes to conduct due

5

diligence with respect to the Debtors' assets.

*2) Asset Disposition*

Conway spent 2.75 hours at a cost of $1,127.50 during the Second Interim Period relating to asset disposition issues. This category includes time spent reviewing and updating a liquidating analysis of the Debtors' assets for the potential sale of specific assets.

*3) Relief from Stay*

Conway spent 0.75 hours at a cost of $307.50 during the Second Interim Period related to stay relief issues in these Cases. This category includes time spent working with the Debtors' counsel to prepare and transmit adequate protection payments to lenders following resolution of stay relief matters.

*4) Meetings & Communications*

Conway spent 81.75 hours at a cost of $36,691.50 during the Second Interim Period related to meetings and communications in these Cases. This category includes time spent conferencing with the Debtors through their officers and employees; meeting and corresponding with the Debtors' numerous secured lenders; and numerous meetings and communications with the Debtors' other professionals to ensure that counsel and the Debtors' investment banker were informed regarding the Debtors' operations in these Cases, addressing issues raised by various unsecured creditors and vendors in these Cases.

*5) Fee/Employment Applications*

Conway spent 21.65 hours at a cost of $5,814.00 during the Second Interim Period related to preparing fee and employment applications. This category includes time spent reviewing and preparing time descriptions, drafting Monthly Statements, assisting the Debtors' counsel in preparing the same for filing, and preparing materials for this Fee Application.

*6) Assumption/Rejection of Leases*

Conway spent 2.0 hours at a cost of $820.00 during the Second Interim Period related to the assumption and rejection of executory contracts and unexpired leases in these Cases. This category includes time spent compiling and reviewing various contracts of the Debtors, and conferring with the Debtors' attorneys regarding these agreements.

*7) Operations*

Conway spent 5.10 hours at a cost of $2,436.00 during the Second Interim Period related to operations issues in these cases. This category includes time spent coordinating the Debtors' operations postpetition, such as ordering new checks, coordinating with the Debtors' representatives regarding postpetition operations as debtors-in-possession, and

other specific tasks such as undertaking a review of the Debtors insurance policies and premium financing agreement, and working with the Debtors' insurance broker to secure a new premium financing agreement postpetition.

8) *Business Operations*

Conway spent 1.5 hours at a cost of $615.00 during the Second Interim Period related to the Debtors' business operations in these Cases postpetition. This category includes additional time spent coordinating the Debtors' operations postpetition, and specific tasks such as reviewing the Debtors' first day filings to prepare for hearings on these matters, and to ensure the Debtors' postpetition operations complied with the relief granted by the Court under orders granting motions filed in the first days of the Cases. This category also includes time spent by Conway's professionals addressing adequate protection issues and payments to be made to various lenders from cash collateral.

9) *Financing/Cash Collections*

Conway spent 1.15 hours at a cost of $471.50 during the Second Interim Period related to financing and cash collections issues in these Cases. This category includes time spent reviewing and analyzing issues raised with respect to the Debtors' motion seeking to use cash collateral postpetition; and time spent reviewing, analyzing, and negotiating the terms of the Debtors' postpetition credit agreement with First Midwest Bank.

10) *Accounting/Auditing*

Conway spent 76.75 hours at a cost of $33,192.50 during the Second Interim Period related to accounting and auditing matters in these Cases. This category includes time spent addressing payroll issues and an extensive accounting and reconciliation of the Debtors' outstanding accounts receivable, including assisting the Debtors in collecting amounts outstanding, analyzing aged receivables reports, and analyzing the Debtors' accounts receivable in relation to the sale of their assets under § 363 of the Bankruptcy Code.

11) *Business Analysis*

Conway spent 70.85 hours at a cost of $31,843.00 during the Second Interim Period related to business analysis matters in these Cases. This category includes time spent analyzing the Debtors' various financial records including preparing weekly reports to First Midwest Bank, addressing IRS matters, analyzing the Debtors' accounts receivables, and addressing diligence requests from various parties in these Cases, including the Debtors' stalking horse purchaser and the Committee.

12) *Data Analysis*

Conway spent 81.55 hours at a cost of $37,092.50 during the Second Interim Period data analysis for these Cases. This category includes time spent analyzing depreciation of the

7

Debtors' assets and applicable adequate protection payment matters; drafting and updating cost allocation models for equipment lenders under the Debtors' sale and bidding procedures for the sale of their assets under § 363 of the Bankruptcy Code; responding to diligence requests from various parties seeking information relating to the sale process based on the Debtors' historical financials; addressing issues necessary to close the sale of the Debtors' assets.

13) *General Bankruptcy Advice*

Conway spent 20.95 hours at a cost of $11,729.00 during the Second Interim Period related to general bankruptcy advice in these Cases. This category includes time spent on numerous tasks within these Cases that did not fit within another discrete category, including reviewing orders entered by the Court; reviewing and commenting on the terms of the Debtors' stalking horse asset purchase agreements; providing support and analysis relating to these negotiations for the Debtors; and reviewing, analyzing, and commenting on related sale issues including proposed sale and opt-out procedures.

14) *Restructurings*

Conway spent 5.0 hours at a cost of $2,740.00 during the Second Interim Period on restructuring issues in these Cases. This category includes time spent preparing for the auction of the Debtors' assets.

15) *Accounts Payable/Vendor Issues*

Conway spent 1.75 hours at a cost of $2,740.00 during the Second Interim Period related to accounts payable and vendor issues in these Cases. This category includes time spent addressing banking issues relating to checks issued by the Debtors, as well as corresponding with vendors in these Cases.

16) *Cash Flow Analysis/Reporting*

Conway spent 74.3 hours at a cost of $33,154.00 during the Second Interim Period on cash flow analysis and reporting matters in these Cases. This category includes time spent preparing, revising, and continuously updating weekly variance reports for First Midwest Bank, showing the Debtors' budget-to-actual performance during these Cases; this category also includes time spent corresponding with First Midwest Bank's representatives during the Cases regarding these reports, coordinating with the Debtors' other professionals to keep them informed as to the Debtors' financial and cash positions within the Cases.

17) *Hearing Attendance/Preparation*

Conway spent 22.25 hours at a cost of $12,572.50 during the Second Interim Period related to preparing for and attending hearings in these Cases. This category includes time spent reviewing filings in the Cases, preparing for hearings with the Debtors'

counsel, and attending hearings to be available to provide information and testimony relating to relief sought by the Debtors throughout the Cases.

### 18) *U.S. Trustee Compliance*

Conway spent 0.5 hours at a cost of $205.00 during the Second Interim Period on U.S. Trustee compliance matters in these Cases. This category includes time spent corresponding with the U.S. Trustee's office in relation to the Debtors' proposed bidding and sale procedures.

### 19) *Monthly Operating Reports*

Conway spent 29.40 hours at a cost of $12,054.00 during the Second Interim Period on monthly operating reports in these Cases. This category includes time spent preparing and revising the Debtors' monthly operating reports, and corresponding with the Debtors' representatives and counsel regarding these reports.

### *(2) Summary of Expenses Incurred During the Second Interim Period*

Conway incurred expenses during the Second Interim Period in the total amount of $1,668.10 in connection with local transportation expenses and working meal expenses involving case professionals and representatives of the Debtors. All expenses incurred by Conway in connection with its representation of the Debtors were ordinary and necessary expenses. All expenses billed to the Debtors were billed in the same manner Conway bills its non-bankruptcy clients.

Conway does not bill its clients or seek compensation in this Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, electronic research, and facsimile transmissions.

## IV. REQUEST FOR FINAL APPROVAL OF CONWAY'S FEES & EXPENSES FOR ENTIRE APPLICATION PERIOD & APPROVAL OF LIMITED NOTICE OF THIS FEE APPLICATION

This Fee Application is Conway's second interim and final request for allowance of fees and reimbursement of expenses. Under this Fee Application, Conway seeks approval on a final basis of all amounts allowed for the First Interim Period under the First Interim Fee Order, and all amounts incurred during the Second Interim Period (the "***Application Period***"). Conway

seeks an order (a) allowing and approving compensation to Conway of $611,219.60 for professional services rendered, and reimbursement of $4,904.15 for actual and necessary expenses incurred by Conway during the Application Period; and (b) authorizing payment to Conway for amounts approved under the Fee Application not already paid by the Debtors, subject in all respects to prior orders of this Court.

To date, Conway has been paid a total of $556,202.19 for its fees and expenses. Presuming this Fee Application is allowed in full–Conway's outstanding amounts owed for unpaid fees and expenses during the Application Period will be $58,921.56.

Conway's hourly rates of compensation for its professionals during the Application Period ranged from $165 to $775. Conway reduced its hourly rates in these Cases as an accommodation to the Debtors, set at a level designed to fairly compensate Conway's professionals, and to cover fixed and routine overhead expenses. Regardless, these reduced rates are comparable to, or lower than, rates charged by other practitioners having the same level of experience, expertise, and standing for similar services. Conway consistently and consciously made every reasonable effort to represent the Debtors in the most economical, efficient, and practical manner possible.

All services for which Conway seeks compensation under this Fee Application were performed for or on behalf of the Debtors. Conway submits that the compensation sought under this Fee Application represents a fair and reasonable amount for the services rendered during the Second Interim Period given the criteria set forth in §§ 327 and 330 of the Bankruptcy Code for evaluating applications for compensation, namely:

    (i)    the nature, extent and value of the services;
    (ii)   the time spent;
    (iii)  the rates charged for such services;

  (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed; and

  (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters.

### A. Conway Provided a Benefit to the Estates During the Application Period

Conway provided services and performed work in these Cases vital to the Debtors' ability to obtain the best possible outcome, including assisting the Debtors, their counsel, and investment banker to develop strategies relating to the ongoing management and marketing of the Debtors' assets for sale under § 363 of the Bankruptcy Code. In addition to these functions, Conway provided the Debtors significant support as a financial advisor to acting as a liaison between the Debtors and First Midwest Bank, to provide a constant stream of communication between the Debtors and their senior secured lender using cash collateral in these Cases. Conway also expended significant efforts to ensure that, before the Conversion Date, the Debtors were properly operating their businesses postpetition, were a source of information for parties conducting due diligence with respect to the Debtors' assets, and provided necessary support to the Debtors' other professionals to effectively represent the Debtors' interests. Conway actively represented the Debtors in all matters during the Second Interim Period, which were beneficial to their estates and creditors.

Conway's fees were earned under the terms of the Retention Application, as approved by the Retention Order. Accordingly, Conway submits that the fees and expenses requested under this Fee Application should be approved on a final basis.

### A. Conway Has Provided Adequate Notice and Opportunity to Object to this Fee Application

In compliance with Bankruptcy Rule 2002(a)(6), Conway is providing 21 days' notice of this Fee Application to (a) counsel for the Chapter 7 Trustee; (b) counsel for the Committee;

(c) counsel for First Midwest Bank; (d) the Office of the United States Trustee; and (e) parties who have filed a notice of appearance with the Clerk of the Court and requested notice of filings in these Cases.

Conway requests that notice to the parties identified above be deemed sufficient in these Cases, and that Conway not be required to serve copies of this Fee Application on all creditors. Conway submits that notifying the above parties provides more than adequate notice of the Fee Application to parties in interest in these Cases, and that the parties served represent the most significant stakeholders remaining in these Cases. Furthermore, the task of serving all creditors with notice and copies of this Fee Application would be unnecessarily voluminous and costly. Conway therefore requests that the Court approve notice of this Fee Application sufficient under the circumstances.

*Wherefore*, Conway requests that this Court enter an order substantially in the form attached to this Fee Application for Compensation that:

(a) Allows and approves final compensation to Conway for $611,219.60 for professional services rendered, and reimbursement of $4,904.15 for actual and necessary expenses incurred by Conway during the Application Period as the Debtors' financial advisor;

(b) Authorizes payment to Conway for amounts approved under the Fee Application, including those not already paid by the Debtors, subject in all respects to pending orders of this Court;

(c) Approves notice of this Fee Application as sufficient under the circumstances; and

(d) Provides Conway with such additional relief as may be appropriate under the circumstances.

Date: July 13, 2018                                    *Conway MacKenzie, Inc.*

By:   /s/ Jonathan Friedland
        One of the Debtors' former Attorneys

Jonathan P. Friedland (IL No. 6257902)
Elizabeth B. Vandesteeg (IL No. 6291426)
Jack O'Connor (IL No. 6302674)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951
jfriedland@SFGH.com
evandesteeg@SFGH.com
joconnor@SFGH.com

*Former Counsel to the Debtors*

13