## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Chellino Crane, Inc., *et al.*,[1] | ) | Case No. 17-14200 |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | Hon. Janet S. Baer |
|  | ) | Hearing Date: August 16, 2018 at |
|  | ) | 10:30 a.m. Central Time |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 16, 2018 at 10:30 a.m., the undersigned shall appear before the Honorable Janet S. Baer in Courtroom 615, or whomever may be sitting in her place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *Third Interim and Final Fee Application of Brown Rudnick LLP as Counsel to the Official Committee of Unsecured Creditors and Request for Approval of Limited Notice* a copy of which is attached hereto and herewith served upon you.

Dated: July 20, 2018

**FREEBORN & PETERS LLP**

By: /s/ Elizabeth L. Janczak
One of Its Attorneys

Shelly A. DeRousse
Devon J. Eggert
Elizabeth L. Janczak
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:  312.360.6520
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com

and

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

BROWN RUDNICK LLP
Bennett S. Silverberg
Gerard T. Cicero
Seven Times Square
New York, New York 10036
Telephone:  212.209.4800
Facsimile:  212.209.4801
bsilverberg@brownrudnick.com
gcicero@brownrudnick.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Chellino Crane, Inc., *et al.*,[1] | ) | Case No. 17-14200 |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | Hon. Janet S. Baer |
|  | ) | Hearing Date: August 16, 2018 at |
|  | ) | 10:30 a.m. Central Time |

## CERTIFICATE OF SERVICE

I, Elizabeth L. Janczak, an attorney, hereby certify that on July 20, 2018, I caused a true and correct copy of the foregoing *Notice of Motion* and *Third Interim and Final Fee Application of Brown Rudnick LLP as Counsel to the Official Committee of Unsecured Creditors and Request for Approval of Limited Notice*, to be filed with the Court and served upon the following parties by the manner listed.

_____/s/ Elizabeth L. Janczak_____

### CM/ECF Service List

| | |
|---|---|
| Howard L. Adelman | hla@ag-ltd.com |
| Thomas V Askounis | taskounis@askounisdarcy.com |
| Paul M Bauch | pbauch@bauch-michaels.com |
| Andrew Baumann | abaumann@lowis-gellen.com |
| Leslie Allen Bayles | leslie.bayles@bryancave.com |
| Brian T Bedinghaus | bbedinghaus@ralaw.com |
| Christopher M Cahill | ccahill@lowis-gellen.com |
| Leland H Chait | lchait@sfgh.com |
| Scott R Clar | sclar@craneheyman.com |
| Monette W Cope | ecfnil@weltman.com |
| Alex Darcy | adarcy@askounisdarcy.com |
| Aaron Davis | aaron.davis@bclplaw.com |
| Dennis A Dressler | ddressler@dresslerpeters.com |
| Thomas R. Fawkes | tomf@goldmclaw.com |
| J Mark Fisher | mfisher@schiffhardin.com |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

| | |
|---|---|
| Joseph D Frank | jfrank@fgllp.com |
| Jonathan P Friedland | jfriedland@sfgh.com |
| Paulina Garga-Chmiel | pgarga@chuhak.com |
| Robert Glantz | rwglantz@midwestbankruptcyattorneys.com; |
| | rglantz@shawfishman.com |
| Gary E. Green | @clarkhill.com |
| James K Haney | jhaney@wongfleming.com |
| Timothy R Herman | therman@clarkhill.com |
| Michael Kelly | michael.kelly@usdoj.gov |
| Patrick S. Layng | USTPRegrion11.ES.ECF@usdoj.gov |
| Forrest B Lammiman | flammiman@hlgltd.com |
| Matthew E. McClintock | mattm@goldmclaw.com |
| William J McKenna | wmckenna@foley.com |
| Alan Meda | ameda@bcattorneys.com |
| Kenneth A. Michaels, Jr | kmichaels@bauch-michaels.com |
| Kevin H Morse | kevin.morse@saul.com |
| Karen Newbury | knewbury@fgllp.com |
| Madelaine Newcomb | mnewcomb@askounisdarcy.com |
| John R O'Connor | joconnor@sfgh.com |
| Kate O'Loughlin | kate.oloughlin@sba.gov |
| Matthew A Olins | maolins@duanemorris.com |
| Michael W Ott | mott@schiffhardin.com |
| James M Philbrick | jmphilbrick@att.net |
| Nathan Q. Rugg | Nathan.Rugg@bfkn.com |
| Richard R. Saldinger | rsaldinger@llflegal.com |
| Carolina Y. Sales | csales@bauch-michaels.com |
| Raymond Sanguinetti | rsanguinetti@rathjewoodward.com |
| Kevin G Schneider | kschneider@ngelaw.com |
| Scott N. Schreiber | sschreiber@clarkhill.com |
| Mariangela Seale | merili.seale@bryancave.com |
| Miriam R. Stein | mstein@chuhak.com |
| Matthew J Stockl | mstockl@foley.com |
| Roman Sukley | USTPRegion11.es.ecf@usdoj.gov |
| Martin D. Tasch | mtasch@momlaw.com |
| William W Thorsness | wthorsness@vedderprice.com |
| Elizabeth B Vandesteeg | evandesteeg@sfgh.com |
| Michael T Werner | mwerner@bakerlaw.com |
| Amanda J Wiese | bankruptcy@hsbattys.com |
| William A Williams | bill.williams@saul.com |
| Thomas C. Wolford | twolford@ngelaw.com |
| Charles R Woolley | rwoolley@askounisdarcy.com |
| Jin Yan | jyan@schiffhardin.com |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Chellino Crane, Inc., *et al.*,[1] | ) | Case No. 17-14200 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |
| | ) | Hearing Date: August 16, 2018 at |
| | ) | 10:30 a.m. Central Time |

**COVER SHEET FOR THIRD INTERIM AND FINAL FEE APPLICATION OF
BROWN RUDNICK LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS AND REQUEST FOR APPROVAL OF LIMITED NOTICE**

Name of Applicant:  Brown Rudnick LLP

Authorized to provide
professional services to:  Official Committee of Unsecured Creditors

Date of retention:  June 28, 2017 *nunc pro tunc* to May 17, 2017
Period for which
compensation and
reimbursement is sought:  May 17, 2017 through December 19, 2017

Amount of compensation
sought as actual,
reasonable and necessary:  $475,884.25

Amount of reimbursement
sought as actual,
reasonable and necessary:  $22,334.25

This is an __X__ interim __X__ final application

Prior Fee Applications Filed by Applicant:  Yes

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

**Summary of Monthly Statements filed for the Fee Application Period:**

| Statement | | Requested | | Paid to Date | | Total Unpaid |
|---|---|---|---|---|---|---|
| Date Submitted | Period Covered | Fees | Expenses | Fees (75%)[2] | Expenses (100%) | Fees and Expenses |
| 7/06/2017 | 5/17/2017 – 5/31/2017 | $97,553.00 | $1,505.40 | $73,164.25 | $1,505.40 | $24,388.75 |
| 7/14/2017[3] | 6/1/2017 – 6/30/2017 | $82,699.00 | $6,057.27 | $62,024.25 | $6,057.27 | $20,674.75 |
| 8/15/2017[4] | 7/1/2017 – 7/31/2017 | $92,232.50 | $499.80 | $69,174.38 | $499.80 | $23,058.12 |
| 09/15/2017 | 8/1/2017 – 8/31/2017 | $137,937.00 | $7,873.99 | $47,596.56 | $0.00 | $98,214.43 |
| 10/16/2017 | 9/1/2017 – 9/30/2017 | $36,350.00 | $3,993.45 | $0.00 | $0.00 | $40,343.45 |
| 11/09/2017[5] | 10/1/2017 – 10/31/2017 | $7,453.50 | $1,292.81 | $0.00 | $0.00 | $8,746.31 |
| 12/18/2017 | 11/1/2017 – 11/30/2017 | $25,744.50 | $819.63 | $0.00 | $0.00 | $26,564.13 |
| 7/20/2018 | 12/1/2017 – 12/31/2017 | $16,521.00 | $291.90 | $0.00 | $0.00 | $16,812.90 |
| Less reductions pursuant to Court Order | | ($20,606.25) | | | | ($20,606.25) |
| **Less 25% Holdback Amounts** | | | | | | **($118,971.06)** |
| **TOTALS:** | | **$475,884.25** | **$22,334.25** | **$251,959.44** | **$8,062.47** | **$119,225.53** |

---

[2] The *Administrative Order Establishing Procedures for Interim Compensation & Reimbursement of Expenses of Professionals & Committee Members* [Docket No. 204] imposes a 20% holdback of compensation requests by retained professionals in these chapter 11 cases. Brown Rudnick has agreed with the Committee to a 25% holdback on fees pending further authorization by the Committee to request payment of 100% of allowed compensation. At this time, Brown Rudnick is not requesting payment of the holdback amounts (*i.e.*, 25% of its total allowed fees).

[3] Brown Rudnick's June 2017 fee statement included $10.54 in telephone charges [Docket No. 296]. In accordance with this Court's instructions, Brown Rudnick has deducted previously incurred telephone charges from its expenses requested during this Fee Application Period.

[4] The Court entered its *Findings of Fact and Conclusions of Law in Support of Order Allowing Brown Rudnick LLP, Attorneys for the Official Committee of Unsecured Creditors, Interim Compensation and Reimbursement of Expenses* on 12/21/17 [Docket No. 638], which reduced Brown Rudnick's allowed fees for the period May 17, 2017 through July 31, 2017 by $8,606.25.

[5] The Court entered its *Order Granting in Part Second Interim Fee Application of Brown Rudnick LLP as Counsel to the Official Committee of Unsecured Creditors and Request for Approval of Limited Notice* on May 7, 2018 [Docket No. 697], which reduced Brown Rudnick's allowed fees for the period August 1, 2017 through October 31, 2017 by $12,000.00.

Dated:  July 20, 2018

**FREEBORN & PETERS LLP**

By:  /s/ Elizabeth L. Janczak
One of Its Attorneys

Shelly A. DeRousse
Devon J. Eggert
Elizabeth L. Janczak
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:   312.360.6520
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com

and

BROWN RUDNICK LLP
Bennett S. Silverberg
Gerard T. Cicero
Seven Times Square
New York, New York 10036
Telephone:212.209.4800
Facsimile: 212.209.4801
bsilverberg@brownrudnick.com
gcicero@brownrudnick.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|                                           |     |                                                      |
| ----------------------------------------- | --- | ---------------------------------------------------- |
|                                           | )   |                                                      |
| In re:                                    | )   | Chapter 11                                           |
|                                           | )   |                                                      |
| Chellino Crane, Inc., *et al.*,[1]        | )   | Case No. 17-14200                                    |
|                                           | )   | (Jointly Administered)                               |
| Debtors.                                  | )   |                                                      |
|                                           | )   | Hon. Janet S. Baer                                   |
|                                           | )   |                                                      |
|                                           | )   | Hearing Date: August 16, 2018 at                     |
|                                           |     | 10:30 a.m. Central Time                              |

**COVER SHEET FOR THIRD INTERIM AND FINAL FEE APPLICATION OF**
**BROWN RUDNICK LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS AND REQUEST FOR APPROVAL OF LIMITED NOTICE**

Brown Rudnick LLP ("Brown Rudnick"), counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned jointly administered chapter 11 cases of Chellino Crane, Inc. and its affiliated debtor entities (collectively, the "Debtors"), hereby submits its application for compensation (the "Application") which seeks: (i) final approval of compensation in the amount of $475,884.25 for services rendered and $22,334.25 for reimbursement of expenses incurred for the period of May 17, 2017 through December 19, 2017; (ii) interim approval of compensation in the amount of $42,265.50 for services rendered and $1,111.53 for reimbursement of expenses incurred for the period of November 1, 2017 through December 19, 2017; (iii) payment of $119,225.53 to Brown Rudnick, representing the compensation and expenses requested herein less amounts previously paid; and (iv) approval of limited notice of this Application.  In support hereof, Brown Rudnick states as follows:

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.  This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code.  Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2.      The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3.      On May 5, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

4.      On December 19, 2017 (the "Conversion Date"), the Court entered an order converting the Chapter 11 Case to a Chapter 7 Case [Docket No. 636].

5.      On May 17, 2017, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code.

6.      Also on May 17, 2017, the Committee selected Brown Rudnick as its counsel. On June 28, 2017, the Court entered an order approving Brown Rudnick's employment effective *nunc pro tunc* as of May 17, 2017.

7.      On June 7, 2017, the Court entered the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members* [Docket No. 204] (the "Interim Compensation Procedures Order") which provides, *inter alia*, that a professional may submit monthly fee statements to certain noticed parties on or before the 15th day of each calendar month following the month for which compensation is sought.  If no objection is made to the monthly fee statement, the Debtors are authorized to pay the professional 80% of the fees and 100% of the expenses requested.  Brown Rudnick has agreed to a 25% holdback on fees pending further authorization by the Committee to request payment of 100% of its allowed compensation.

8.      Brown Rudnick served monthly fee statements for May, June, July, August, September, October, November and December 2017 totaling $475,884.25 in fees and $22,334.25 in expenses.[2]

9.      To date, Brown Rudnick has not received full payment on account of any of its monthly fee statements.

## **RELIEF REQUESTED**

10.      Brown Rudnick rendered services on behalf of the Committee from May 17, 2017 through December 19, 2017 (the "Fee Application Period"), for which Brown Rudnick seeks final approval of compensation in the amount of $475,884.25 and reimbursement of expenses in the amount of $22,334.25 for a total of $498,218.50.

11.      Brown Rudnick has received $260,021.91 on account of services performed and expenses incurred with respect to its representation of the Committee during the Fee Application Period.

---

[2]      Brown Rudnick has excluded amounts disallowed by the Court as previously described above.

12.     By this Application, Brown Rudnick seeks an order: (i) approving final compensation in the amount of $475,884.25 for services rendered and $22,334.25 for reimbursement of expenses incurred for the period of May 17, 2017 through December 19, 2017; (ii) approving interim compensation in the amount of $42,265.50 for services rendered and $1,111.53 for reimbursement of expenses incurred for the period of November 1, 2017 through December 19, 2017; (iii) approving payment of $119,225.53 to Brown Rudnick, representing the compensation and expenses requested herein less amounts previously paid and taking into account Brown Rudnick's accommodation with the Committee to reduce its request for payment of fees by the 25% "holdbacks" previously unpaid by the Debtors; and (iv) approving limited notice of this Application.

## **DISCUSSION**

13.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . .  In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

14.     The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

4

Kirchoff v. Flynn, 786 F.2d 320, 325 (7th Cir. 1986).  Additionally, other courts of appeal have

recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not
> become enmeshed in meticulous analysis of every detailed facet of the
> professional representation.  It is easy to speculate in retrospect that the work
> could have been done in less time or with fewer attorneys or with an associate
> rather than a partner.  On the other hand, it is also possible that [the client] would
> not have enjoyed the success it did had its counsel managed matters differently.

Boston and Main Corp. v. Moore, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

15.     In reviewing the Application, the Court should be guided by the Seventh Circuit's

instruction to ascertain whether such services were rendered and billed in accordance with the

established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the
> medieval just price.  It is to determine what the lawyer would receive if he was
> selling his services in the market rather than being paid by court order.

In re Continental Illinois Securities Litigation, 962 F.2d 566, 568 (7th Cir. 1992); see Mann v.

McCombs (In re McCombs), 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to

encourage high standards of professional legal practice in the bankruptcy courts. . . .  Bankruptcy

courts must consider whether the fee awards are commensurate with fees for professional

services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in

bankruptcy courts.").

16.     In Continental Securities, the Seventh Circuit found error in the lower court's

practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal

services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making

large across-the-board cuts in research time; (e) making large across-the-board cuts in conference

time; and (f) refusing to allow attorneys to bill computerized legal research services (e.g.,

LEXIS). Continental Illinois Securities Litigation, 962 F.2d at 568-70.

17.     In evaluating the Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by Brown Rudnick's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. See In re Alberto, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

18.     Brown Rudnick's hourly rates of compensation for those attorneys and para-professionals during the Fee Application Period range from $360 to $1,455 (however, no professional with an hourly rate in excess of $1,175 has performed services herein). Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. Brown Rudnick consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible. In addition, Brown Rudnick's accommodation to the Committee to not request payment of 25% of its fees effectively results in a reduction to the aforementioned hourly rates by 25%.

19.     A summary of the compensation requested herein regarding each of Brown Rudnick's professionals and para-professionals is set forth below:

| Timekeeper | Title | Year of Bar Admission | Hourly Rate | Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Steven B. Levine | Partner | 1981 | $1,175 | 22.70 | $26,672.50 |
| Steven Pohl | Partner | 1989 | $1,175 | 0.20 | $235.00 |
| Bennett S. Silverberg | Partner | 2001 | $975 | 171.60 | $167,310.00 |
| Adam B. Cantor | Partner | 1997 | $935 | 1.20 | $1,122.00 |
| Vincent J. Guglielmotti | Partner | 2005 | $895 | 2.90 | $2,595.50 |
| D. Cameron Moxley | Partner | 2005 | $795 | 2.00 | $1,590.00 |
| Nicole M. Bouchard | Partner | 2009 | $785 | 3.50 | $2,747.50 |

| Timekeeper | Title | Year of Bar Admission | Hourly Rate | Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Andrew M. Carty | Associate | 2013 | $765 | 21.20 | $16,218.00 |
| Jill L. Forster | Associate | 2014 | $725 | 2.00 | $1,450.00 |
| Stephanie N. Bollheimer | Associate | 2014 | $620 | 9.20 | $5,704.00 |
| Gerard T. Cicero | Associate | 2016 | $555 | 259.50 | $144,022.50 |
| Aja-Fullo L. Sanneh | Associate | 2017 | $520 | 2.20 | $1,144.00 |
| Justin G. Cunningham | Associate | 2017 | $520 | 113.60 | $59,072.00 |
| Fouad Kurdi | Associate | 2014 | $515 | 41.10 | $21,166.50 |
| Jacob L. Goldfinger | Paralegal | N/A | $375 | 61.10 | $23,400.00 |
| La Asia Canty | Paralegal | N/A | $375 | 34.80 | $13,050.00 |
| Carol S. Ennis | Paralegal | N/A | $370 | 3.10 | $1,147.00 |
| Mary Ann Kramer | Paralegal | N/A | $370 | 21.20 | $7,844.00 |
| **TOTAL:** | | | | **773.10** | **$496,490.50** |
| Less Amounts Disallowed by Court Order | | | | | ($20,606.25) |
| **GRAND TOTAL** | | | | **773.10** | **$475,884.25** |

20.    No agreement or understanding exists between Brown Rudnick and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

21.    Brown Rudnick reserves the right to correct, amend, or supplement this Application, including, without limitation, to seek payment in the event this Application is not approved in full.

## SERVICES PERFORMED

22.    This Application sets forth in detail the work performed by Brown Rudnick and the time spent during the Fee Application Period.  Attached hereto as Exhibits 1 and 2 are Brown Rudnick's monthly invoices for November 2017 and December 2017, respectively.  Brown Rudnick's monthly billing statements for the period May 17, 2017 through October 31, 2017

were previously filed with the Court in connection with the *First Interim Fee Application of Brown Rudnick LLP as Counsel to the Official Committee of Unsecured Creditors and Request for Approval of Limited Notice* [Docket No. 433] and the *Second Interim Fee Application of Brown Rudnick LLP as Counsel to the Official Committee of Unsecured Creditors and Request for Approval of Limited Notice* [Docket No. 615].

**A.   Case Administration**                                        **$14,356.50**

23.   Brown Rudnick spent 29.30 hours at a cost of $14,356.50 on administration of these cases.   This category primarily includes time spent reviewing incoming pleadings, correspondence, and notices, corresponding with parties in interest concerning general case matters, and performing necessary administrative tasks typically associated with a committee representation (including maintaining and updating dockets, calendars, and correspondence files, and retrieving necessary documents).   Time in this category also includes services that cannot be classified in one discrete category, or time relating to general case administration matters.

**B.   Meetings and Communications with Creditors**          **$9,966.00**

24.   Brown Rudnick spent 12.80 hours at a cost of $9,966.00 on creditor inquiries and communications.   This category primarily includes time spent preparing and circulating updates to the Committee, soliciting their input and direction, and corresponding with creditors regarding case status, and related open items.

**C.   Employment and Fee Applications**                     **$46,563.00**

25.   Brown Rudnick spent 103.40 hours at a cost of $46,563.00 on Brown Rudnick's fee application matters.   This category includes time spent preparing Brown Rudnick's monthly fee statements, first and second interim fee applications and reviewing monthly fee statements to ensure compliance with time detail requirements.

**D.      Employment and Fee Application Objections                    $676.00**

26.      Brown Rudnick spent 1.30 hours at a cost of $676.00 related to review and summarizing the interim fee applications.

**E.      Business Operations                                          $8,038.00**

27.      Brown Rudnick spent 12.80 hours at a cost of $8,038.00 related to review of the Debtors' business operations.  This category includes time spent reviewing the Debtors' filings related to various aspects of its operations and the Debtors' financial disclosures, including their schedules of assets and liabilities and statements of financial affairs, and replies to the Committee's diligence requests.

**F.      Assumption and Rejection of Leases and Executory Contracts      $9,988.50**

28.      Brown Rudnick spent 11.50 hours at a cost of $9,988.50 on matters related to assumption and rejection of the Debtors' leases and executory contracts.  This category includes time spent analyzing leases affected by the Debtors' lease rejection motion and related issues and communicating Brown Rudnick's recommendations in respect of the same to the Committee.

**G.      Asset Disposition                                            $155,476.50**

29.      Brown Rudnick spent 227.30 hours at a cost of $155,476.50 related to the disposition of the Debtors' assets.  Brown Rudnick spent substantial time reviewing and analyzing multiple iterations of the Debtors' bidding procedures, opt-out procedures, and Asset Purchase Agreement.  Brown Rudnick also spent considerable time corresponding with other parties, including the Debtors, with respect to comments and revisions to the bidding procedures, opt-out procedures, and Asset Purchase Agreement.  Ultimately, Brown Rudnick prepared an objection on the Debtors' bidding procedures motion and thereafter spent substantial time preparing for and attending the hearing on the Debtors' sale and bidding procedures motion. Additionally, following the hearing on the Debtors' sale and bidding procedures motion, Brown Rudnick spent time reviewing and providing comments to the order approving the sale.  Post-sale, Brown Rudnick spent time negotiating between the Debtors and the purchasers the

development of a supplemental agreement or order that clarified the carve-outs for estate causes of action and already filed estate claims against the Debtors' prepetition secured lenders.

**H.      Asset Analysis and Recovery**                                        **$45,767.50**

30.      Brown Rudnick spent 79.30 hours at a cost of $45,767.50 on work related to analysis of the Debtors' assets in an effort to maximize value to the Debtors' estates.  This category primarily includes time spent conducting an analysis of supplemental documents provided by the certain of the Debtors' secured lenders in connection with the Committee's potential lien challenges and drafting lien priority complaints and lien challenge complaints against certain of the Debtors' secured lenders.  Thereafter, Brown Rudnick commenced adversary proceedings against certain of the Debtors' secured lenders and spent considerable time corresponding with parties concerning the Committee's adversary proceedings.  Brown Rudnick also spent time reviewing and analyzing the Debtors' motion to surcharge the collateral of its secured lenders and collaborated on the same with the Debtors.

**I.      Litigation**                                                          **$73,766.00**

31.      Brown Rudnick spent 125.10 hours at a cost of $73,766.00 on litigation matters. This category primarily includes time spent by Brown Rudnick professionals corresponding with opposing counsel regarding actions seeking declaratory judgment regarding the priority of interests in certain of the Debtors' inventory.  Certain time spent on responding to defendants' motions to dismiss filed in the Adversary Proceedings brought by the Committee is also included in this category.

**J.      Relief from Stay and Adequate Protection**                           **$3,522.00**

32.     Brown Rudnick spent 4.40 hours at a cost of $3,522.00 on matters involving relief from the automatic stay, including review and analysis of emergency motion for relief from the automatic stay and evaluating adequate protection issues.

**K.     Tax                                                           $10,110.50**

33.     Brown Rudnick spent 14.50 hours at a cost of $10,110.50 on tax issues, primarily time spent by Brown Rudnick professionals with respect to the analysis of the tax implications and corresponding with parties regarding the Debtors' proposed sale of their assets and payroll tax issues.

**L.     Financing and Cash Collateral                            $118,260.00**

34.     Brown Rudnick spent 151.40 hours at a cost of $118,260.00 on matters related to the Debtors' post-petition financing.  This category primarily includes time spent analyzing and responding to the Debtors' motion for post-petition financing, reviewing proposed DIP budgets, negotiating with the Debtors relating to proposed DIP budgets, and attending hearings relating to post-petition financing.   During the Fee Application Period, Brown Rudnick professionals reviewed and analyzed the Debtors' motion to approve debtor-in-possession financing and use of cash collateral, with particular attention to the proposed roll-up and adequate protection payments.  Brown Rudnick professionals prepared a draft objection to the proposed financing and engaged in extensive negotiations with the Debtors' professionals to revise the final order approving the Debtors' requested financing.

## **REASONABLE EXPENSES INCURRED**

35.     Expenses during the Fee Application Period were incurred in the following categories:

(a)    <u>Administrative expenses</u>:  Brown Rudnick incurred expenses related to the administration of these cases with respect to its representation of the Committee.  These expenses include fees the costs of copying relevant documents for review by Brown Rudnick professionals and Committee members ($945.70); color copies ($124.20); teleconferences ($47.61); fees for hearing transcripts ($796.00) and binding ($1.10).  These costs were separate from general overhead expenses and were necessary to the efficient administration of its representation.

(b)    <u>Research expenses</u>:  Brown Rudnick incurred expenses related to researching various issues in these cases, including conducting a lien search of each of the Debtor entities ($951.61); use of online research services ($356.00); PACER charges ($924.70); and Westlaw charges ($1,947.79).

(c)    <u>Travel and meals</u>:  Brown Rudnick incurred expenses related to necessary travel, and meals for Brown Rudnick professionals.  (Brown Rudnick has agreed to not charge for any professional fees related to non-working travel).  Expenses incurred include airfare ($11,477.34); hotel charges ($2,637.33); meals ($368.24); parking and tolls ($120.00); taxi charges ($1,356.88); train travel ($32.25); Travel Agent Fees ($228.00); and miscellaneous travel expenses ($19.95).

36.    All expenses incurred were ordinary and necessary expenses.  All expenses billed to the Committee were billed in the same manner as Brown Rudnick bills non-bankruptcy clients.

37.    Brown Rudnick does not bill its clients or seek compensation in this Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions.  Such expenses are factored into Brown Rudnick's hourly rates.  Brown Rudnick has not included certain other charges described herein in its overhead

because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

## BENEFIT TO THE ESTATE

38.     Brown Rudnick remained active on all matters in its representation of the Committee as counsel during this case, prior to the Conversion Date.  At all stages of this case Brown Rudnick worked to safeguard the Committee's and its constituent's interests.  Among other things, Brown Rudnick worked alongside the Committee's other professionals to negotiate the best possible post-petition financing available to the Debtors, investigate and prosecute causes of actions on behalf of the Debtors' estates, and worked to make sure that the Debtors' Bankruptcy Code section 363 sale process and asset sales were value maximizing to the Debtors' estates. Brown Rudnick submits that the services set forth herein benefitted the estates and their creditors by ensuring that the Debtors' assets were properly preserved and administered.

## NOTICE

39.     There are several thousand creditors on the Debtors' master mailing matrix. Freeborn anticipates that it would incur several thousand dollars in postage and copying costs to serve the entire creditor matrix as required by Bankruptcy Rule 2002.

40.     Twenty-one days' notice of this Application has been provided to: (i) the chapter 7 trustee; (ii) Debtors' counsel, Sugar Felsenthal Grais & Hammer LLP; (iii) the Office of the United States Trustee; (iv) Counsel to First Midwest Bank, and (v) all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002 in these cases.

41.     In light of the nature of the relief requested, the number of creditors in these bankruptcy cases, and the costs of serving the entire creditor matrix, Freeborn submits that cause exists to limit notice as provided herein and that no other or further notice is necessary.

Accordingly, Freeborn requests that the Court approve the limited notice of this Application as provided herein.

**WHEREFORE**, Brown Rudnick respectfully requests that the Court enter an order:

(a)    allowing Brown Rudnick, on a final basis, $475,884.25 for services rendered and $22,334.25 for reimbursement of expenses incurred for the period of May 17, 2017 through December 19, 2017 in compensation for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b)    allowing Brown Rudnick, on an interim basis, $42,265.50 for services rendered and $1,111.53 for reimbursement of expenses incurred for the period of November 1, 2017 through December 19, 2017 in compensation for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c)    authorizing payment to Brown Rudnick of $119,225.53, representing all unpaid amounts owing to Brown Rudnick on account of the Application;

(d)    approving limited notice of this Application as requested herein; and

(e)    granting such other and further relief as the Court deems just and proper.

14

Dated:  July 20, 2018                    **FREEBORN & PETERS LLP**

                                         By:  /s/ Elizabeth L. Janczak
                                         One of Its Attorneys

                                         Shelly A. DeRousse
                                         Devon J. Eggert
                                         Elizabeth L. Janczak
                                         FREEBORN & PETERS LLP
                                         311 South Wacker Drive, Suite 3000
                                         Chicago, Illinois 60606-6677
                                         Telephone:  312.360.6000
                                         Facsimile:   312.360.6520
                                         sderousse@freeborn.com
                                         deggert@freeborn.com
                                         ejanczak@freeborn.com

                                         and

                                         BROWN RUDNICK LLP
                                         Bennett S. Silverberg
                                         Gerard T. Cicero
                                         Seven Times Square
                                         New York, New York 10036
                                         Telephone:212.209.4800
                                         Facsimile: 212.209.4801
                                         bsilverberg@brownrudnick.com
                                         gcicero@brownrudnick.com

                                         *Counsel to the Official*
                                         *Committee of Unsecured Creditor*