**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| Chellino Crane, Inc., *et al.*,[1] | ) Case No. 17-14200 |
| Debtors. | ) (Jointly Administered) |
| | ) Hon. Janet S. Baer |
| | ) Hearing Date: August 16, 2018 at 10:30 a.m. |

**NOTICE OF MOTION**

     PLEASE TAKE NOTICE that on August 16, 2018 at 10:30 a.m., the undersigned shall appear before the Honorable Janet S. Baer in Courtroom 615, or whomever may be sitting in her place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *Second and Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors and Request for Limited Notice* a copy of which is attached hereto and herewith served upon you.

Dated: July 20, 2018

**FREEBORN & PETERS LLP**

By: /s/ Elizabeth L. Janczak
       One of Its Attorneys

    Shelly A. DeRousse
    Devon J. Eggert
    Elizabeth L. Janczak
    FREEBORN & PETERS LLP
    311 South Wacker Drive, Suite 3000
    Chicago, Illinois 60606-6677
    Telephone: 312.360.6000
    Facsimile: 312.360.6520
    sderousse@freeborn.com
    deggert@freeborn.com
    ejanczak@freeborn.com

*Counsel to the Official Committee of Unsecured Creditors*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Chellino Crane, Inc., *et al.*,[1] | ) Case No. 17-14200 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Janet S. Baer |
| | ) |
| | ) Hearing Date: August 16, 2018 at 10:30 a.m. |

**CERTIFICATE OF SERVICE**

      I, Elizabeth L. Janczak, an attorney, hereby certify that on July 20, 2018, I caused a true and correct copy of the foregoing *Notice of Motion* and *Second and Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors and Request for Limited Notice*, to be filed with the Court and served upon the following parties by the manner listed.

                                                                                /s/ Elizabeth L. Janczak

**CM/ECF Service List**

| | |
|---|---|
| Howard L. Adelman | hla@ag-ltd.com |
| Thomas V Askounis | taskounis@askounisdarcy.com |
| Paul M Bauch | pbauch@bauch-michaels.com |
| Andrew Baumann | abaumann@lowis-gellen.com |
| Leslie Allen Bayles | leslie.bayles@bryancave.com |
| Brian T Bedinghaus | bbedinghaus@ralaw.com |
| Christopher M Cahill | ccahill@lowis-gellen.com |
| Leland H Chait | lchait@sfgh.com |
| Scott R Clar | sclar@craneheyman.com |
| Monette W Cope | ecfnil@weltman.com |
| Alex Darcy | adarcy@askounisdarcy.com |
| Aaron Davis | aaron.davis@bclplaw.com |
| Dennis A Dressler | ddressler@dresslerpeters.com |
| Thomas R. Fawkes | tomf@goldmclaw.com |
| J Mark Fisher | mfisher@schiffhardin.com |
| Joseph D Frank | jfrank@fgllp.com |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

| | |
|---|---|
| Jonathan P Friedland | jfriedland@sfgh.com |
| Paulina Garga-Chmiel | pgarga@chuhak.com |
| Robert Glantz | rwglantz@midwestbankruptcyattorneys.com; rglantz@shawfishman.com |
| Gary E. Green | @clarkhill.com |
| James K Haney | jhaney@wongfleming.com |
| Timothy R Herman | therman@clarkhill.com |
| Michael Kelly | michael.kelly@usdoj.gov |
| Patrick S. Layng | USTPRegrion11.ES.ECF@usdoj.gov |
| Forrest B Lammiman | flammiman@hlgltd.com |
| Matthew E. McClintock | mattm@goldmclaw.com |
| William J McKenna | wmckenna@foley.com |
| Alan Meda | ameda@bcattorneys.com |
| Kenneth A. Michaels, Jr | kmichaels@bauch-michaels.com |
| Kevin H Morse | kevin.morse@saul.com |
| Karen Newbury | knewbury@fgllp.com |
| Madelaine Newcomb | mnewcomb@askounisdarcy.com |
| John R O'Connor | joconnor@sfgh.com |
| Kate O'Loughlin | kate.oloughlin@sba.gov |
| Matthew A Olins | maolins@duanemorris.com |
| Michael W Ott | mott@schiffhardin.com |
| James M Philbrick | jmphilbrick@att.net |
| Nathan Q. Rugg | Nathan.Rugg@bfkn.com |
| Richard R. Saldinger | rsaldinger@llflegal.com |
| Carolina Y. Sales | csales@bauch-michaels.com |
| Raymond Sanguinetti | rsanguinetti@rathjewoodward.com |
| Kevin G Schneider | kschneider@ngelaw.com |
| Scott N. Schreiber | sschreiber@clarkhill.com |
| Mariangela Seale | merili.seale@bryancave.com |
| Miriam R. Stein | mstein@chuhak.com |
| Matthew J Stockl | mstockl@foley.com |
| Roman Sukley | USTPRegion11.es.ecf@usdoj.gov |
| Martin D. Tasch | mtasch@momlaw.com |
| William W Thorsness | wthorsness@vedderprice.com |
| Elizabeth B Vandesteeg | evandesteeg@sfgh.com |
| Michael T Werner | mwerner@bakerlaw.com |
| Amanda J Wiese | bankruptcy@hsbattys.com |
| William A Williams | bill.williams@saul.com |
| Thomas C. Wolford | twolford@ngelaw.com |
| Charles R Woolley | rwoolley@askounisdarcy.com |
| Jin Yan | jyan@schiffhardin.com |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| | ) |
| Chellino Crane, Inc., *et al.*,[1] | ) Case No. 17-14200 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Janet S. Baer |
| | ) |
| | ) Hearing Date: August 16, 2018 at 10:30 a.m. |

**COVER SHEET FOR SECOND AND FINAL FEE APPLICATION
OF FREEBORN & PETERS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS AND REQUEST FOR LIMITED NOTICE**

Name of Applicant:                Freeborn & Peters LLP

Authorized to provide             Official Committee of Unsecured Creditors
professional services to:

Date of retention:                June 28, 2017 *nunc pro tunc* to May 17, 2017
Period for which compensation
and reimbursement is sought:      May 17, 2017 through December 19, 2017

Amount of compensation sought
as actual, reasonable and necessary: $137,077.50

Amount of reimbursement sought
as actual, reasonable and necessary: $6,561.57

This is an ____ interim  X  final application

Prior Fee Applications Filed by Applicant:      Yes

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 8/21/2017 | 5/17/2017–7/31/2017 | $64,346.10 | $64,346.10 | $46,962.30[2] |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

[2] Freeborn has been paid a total of $70,505.52, but only $46,962.30 relates to the First Interim Fee Application.

**Summary of Monthly Statements Filed for the Application Period:**

| Statement | | Requested | | Paid to Date | | Total Unpaid |
| --- | --- | --- | --- | --- | --- | --- |
| Date Filed | Period Covered | Total Fees | Expenses | Fees (80%) | Expenses (100%) | Fees and Expenses |
| 7/7/2017 | 5/17/2017 – 5/31/2017 | $10,029.00 | $0.00 | $8,023.20 | $0.00 | $2,005.80 |
| 7/31/2017[3] | 6/1/2017 – 6/30/2017 | $25,307.50 | $100.00 | $20,246.00 | $100.00 | $5,061.50 |
| 8/15/2017 | 7/1/2017 – 7/31/2017 | $23,155.00 | $69.10 | $18,524.00 | $69.10 | $4,631.10 |
| 9/15/2017[4] | 8/1/2017 – 8/31/2017 | $25,907.00 | $3,758.47 | $20,725.60 | $2,817.62 | $6,112.25 |
| 10/16/2017 | 9/1/2017 – 9/30/2017 | $30,574.50 | $2,574.00 | $0.00 | $0.00 | $33,148.50 |
| 11/15/2017 | 10/1/2017 – 10/31/2017 | $6,661.50 | $60.00 | $0.00 | $0.00 | $6,721.50 |
| 12/15/2017 | 11/1/2017 – 11/30/2017 | $3,614.50 | $0.00 | $0.00 | $0.00 | $3,614.50 |
| **Totals** | | **$125,249.00** | **$6,561.57** | **$67,518.80** | **$2,986.72** | **$55,182.90** |

Dated:  July 20, 2018                **FREEBORN & PETERS LLP**

                                                 By:  /s/   DRAFT
                                                   One of Its Attorneys

                                      Shelly A. DeRousse
                                      Devon J. Eggert
                                      Elizabeth L. Janczak
                                      FREEBORN & PETERS LLP
                                      311 South Wacker Drive, Suite 3000
                                      Chicago, Illinois 60606-6677
                                      Telephone:  312.360.6000
                                      Facsimile:  312.360.6520
                                      sderousse@freeborn.com
                                      deggert@freeborn.com
                                      ejanczak@freeborn.com
                                   *Counsel to the Official Committee of Unsecured Creditors*

---

[3] Freeborn inadvertently excluded a billing statement for Other Professional Retention in the amount of $5,685.50 from Freeborn's June 2017 fee statement, which was subsequently included in its First Interim Fee Application.

[4] Freeborn's actual time billed for August 2017 is $25,994.00, $87.00 higher than was in the monthly statement, which represents 0.2 hours of Devon Eggert's time relating to secured creditor issues.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Chellino Crane, Inc., *et al.*,[1] | ) Case No. 17-14200 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Carol A. Doyle |
| | ) |
| | ) Hearing Date: August 16, 2018 at 10:30 a.m. |

**SECOND AND FINAL FEE APPLICATION OF FREEBORN & PETERS
LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS AND REQUEST FOR LIMITED NOTICE**

Freeborn & Peters LLP ("*Freeborn*"), counsel to the Official Committee of Unsecured Creditors (the "*Committee*") appointed in the above-captioned chapter 11 cases of Chellino Crane, Inc. and its affiliated debtor entities (the "*Debtors*"), hereby submits this second and final application for compensation (the "*Application*") which seeks: (i) final approval of compensation in the amount of $137,077.50 for services rendered and $6,561.57 for reimbursement of expenses incurred for the period of May 17, 2017 through December 19, 2017; (ii) payment of $73,133.55 to Freeborn, representing the compensation and expenses requested herein less amounts previously paid, and (iii) approval of limited notice of this Application. In support hereof, Freeborn states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

- 3 -

District Court for the Northern District of Illinois. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

3. On May 5, 2017 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

4. On May 17, 2017, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code.

5. Also on May 17, 2017, the Committee selected Freeborn as its local counsel. On June 28, 2017, the Court entered an order approving Freeborn's employment effective *nunc pro tunc* as of May 17, 2017.

6. On June 7, 2011, the Court entered the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members (the "*Interim Compensation Procedures Order*") (ECF No. 204), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases. In particular, the Interim Compensation Procedures Order provides that estate professionals may file a monthly fee statement and serve upon certain notice parties

on or before the 15th day of the month following month for which compensation is sought. If no objection is made to the monthly fee statement, the Debtors are authorized to pay the professional 80% of the fees and 100% of the expenses requested. Additionally, the Interim Compensation Procedures Order provides that estate professionals must file interim fee applications for three-month intervals on or before the 20th day after the end of such period.

7. Freeborn filed monthly fee statements for May through November 2017 totaling $125,249.00 in fees and $6,561.57 in expenses.[2] Freeborn did not file monthly fee statements for December 2017.

8. Freeborn filed its first interim fee application (the "*First Interim Fee Application*") on August 21, 2017 seeking interim allowance of $64,177.00 in fees and $169.10 in expenses. On December 21, 2017, the Court entered an order granting the First Interim Fee Application in full.

9. Freeborn has received $70,505.52 on account of its monthly fee statements.

10. On December 19, 2017, the Court entered an order converting these cases to cases under chapter 7. Joji Takada was appointed as the chapter 7 trustee of the Debtors' estates.

**RELIEF REQUESTED**

11. Freeborn rendered services on behalf of the Committee from May 17, 2017 through December 19, 2017 (the "*Fee Application Period*"), for which Freeborn seeks final allowance of compensation in the amount of $137,007.50 and reimbursement of expenses in the amount of $6,561.57 for a total of $143,639.07 as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code, and entry of

---

[2] The actual total for May 2017 – November 2017 is $125,336.00 in fees. Freeborn inadvertently excluded a billing statement for Other Professional Retention in the amount of $5,685.50 from Freeborn's June 2017 fee statement (but which was included in the First Interim Fee Application) and 0.2 hours of Devon Eggert's time totaling $87.00 relating to secured creditor issues in its August 2017 fee statement.

- 5 -

an order authorizing payment to Freeborn of $73,133.55, representing all unpaid amounts owing to Freeborn.

12. Freeborn has not previously filed an application for compensation for the period of August 1, 2017 through December 19, 2017. Freeborn's billing statements for this period for August 1, 2017 through December 19, 2017, broken down by project category, are attached hereto as Exhibits A-E. Freeborn incorporates by reference the billing statements attached to its First Interim Fee Application.

## DISCUSSION

13. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

14. The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work

could have been done in less time or with fewer attorneys or with an associate rather than a partner.  On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

15.     In reviewing the Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price.  It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.")

16.     In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

17.     In evaluating the Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by Freeborn's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results

obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

18.     Freeborn's hourly rates of compensation for those attorneys and para-professionals during the Fee Application Period range from $215 to $920 (however, no professional with an hourly rate in excess of $530 has performed services herein). Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. Freeborn consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible.

19.     A summary of the compensation requested herein regarding each of Freeborn professionals and para-professionals is set forth below:

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| DeRousse, Shelly A. | Partner | 2001 | $510 | 150.8 | $76,908.00 |
| Eggert, Devon J. | Partner | 2006 | $435 | 50.9 | $22,141.50 |
| Green, Trinitee G. | Associate | 2016 | $320 | 5.9 | $1,888.00 |
| Hazdra, Jacqueline E. | Paralegal | N/A | $235 | 27.1 | $6,368.50 |
| Isenberg, Shira R. | Senior Counsel | 2003 | $465 | 2.0 | $930.00 |
| Janczak, Elizabeth S. | Associate | 2010 | $350 | 78.4 | $27,440.00 |
| Kienzler, Richard T. | Partner | 2008 | $425 | 2.3 | $977.50 |
| Toosley, Adam C. | Partner | 2002 | $530 | 0.8 | $424.00 |
| | | | **TOTALS:** | **318.2** | **$137,077.50** |
| | | | | **Blended Rate:** | **$430.80** |

20.     No agreement or understanding exists between Freeborn and any other person for the sharing of compensation received or to be received in connection with this case, other than as

- 8 -

disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

21. Freeborn reserves the right to correct, amend, or supplement this Application, including, without limitation, to seek payment in the event this Application is not approved in full.

## **SERVICES PERFORMED**

22. This Application sets forth in detail the work performed by Freeborn and the time spent during the Fee Application Period.

**A.     General                                                                            $22,914.00**

23. Freeborn spent 54.7 hours at a cost of $22,914.00 on general matters. This category primarily includes time spent reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, corresponding with parties in interest concerning general case matters, and performing necessary administrative tasks typically associated with a committee representation (including performing court filings, maintaining and updating dockets, calendars, and correspondence files, and retrieving necessary documents). Time in this category also includes services that cannot be classified in one discrete category, or time relating to general case administration matters.

**B.     Litigation                                                                         $6,104.00**

24. Freeborn spent 12.6 hours at a cost of $6,104.00 on litigation matters. This category primarily includes time spent reviewing a motion for a preliminary injunction, attending conferences and a hearing on the same, time spent reviewing and analyzing potential claims against insiders, and issues relating to a motion for Rule 2004 examination on the Debtors.

**C.     Creditor Inquiries and Negotiations                         $757.50**

25.    Freeborn spent 1.5 hours at a cost of $757.50 on creditor inquiries and negotiations. This category primarily includes time spent corresponding with creditors regarding case status and related open items.

**D.     Secured Creditor Issues                                     $32,691.00**

26.    Freeborn spent 71.00 hours at a cost of $32,691.00 on secured creditor issues. This category primarily includes time spent analyzing and preparing an objection to the Debtors' motion for post-petition financing, reviewing proposed DIP budgets, attending hearings relating to post-petition financing, attending hearings relating to secured creditors' stay relief motions, preparing complaints challenging secured creditors' liens, and attending hearings relating to the same.

**E.     Freeborn Retention and Fee Applications                     $7,682.00**

27.    Freeborn spent 21.3 hours at a cost of $7,682.00 on Freeborn retention and fee application matters. This category includes time spent preparing Freeborn's retention application, reviewing monthly fee statements to ensure compliance with time detail requirements, and preparing and filing the First Interim Fee Application.

**F.     Other Professional Retention                                $11,515.50**

28.    Freeborn spent 29.6 hours at a cost of $11,515.50 on other professional retention matters. This category includes services provided in connection with the Committee's retention of its financial advisor, Emerald Capital Advisors, reviewing lead Committee counsel's retention application, preparing, filing, and serving monthly fee statements for other Committee professionals, and preparing, filing and serving fee applications on behalf of other Committee professionals.

**G.     Committee Meetings and Governance                    $854.00**

29.    Freeborn spent 1.8 hours at a cost of $854.00 on Committee meetings and governance issues. This category primarily consists of time attending telephone conferences with the Committee.

**H.     Asset Sales                                           $54,406.50**

30.    Freeborn spent 125.4 hours at a cost of $54,406.50 on asset sale issues. This category primarily includes time spent by Freeborn professionals with respect to the proposed sales of the Debtors' assets. Specifically, time spent in this category includes reviewing the Debtors' bidding and sale procedures motion, order, and draft purchase agreement, reviewing objections to the same, conferring with lead counsel and Debtors' counsel regarding same, attending hearings on the same, attending the auction of the Debtors' assets, and the hearing to approve the sale.

**I.     Schedules and Reports                                 $153.00**

31.    Freeborn spent 0.3 hours at a cost of $153.00 on schedules and reports. This category primarily includes time spent reviewing the Debtors' monthly operating reports.

**REASONABLE EXPENSES INCURRED**

32.    Expenses during the Fee Application Period were incurred in the following categories:

(a)    <u>Pro hac vice fees</u>:  Freeborn incurred expenses in the amount of $100.00 to file two *pro hac vice* applications for the Committee's lead counsel, Brown Rudnick LLP.

(b)    <u>Meal and Conference Expenses</u>:  Freeborn incurred expenses totaling $69.10 in meal expenses in connection with Freeborn's conferences with other professionals.

(c) <u>Postage</u>: Freeborn incurred expenses totaling $3,428.47 in postage relating to service of Committee professionals' fee applications.

(d) <u>Filing Fees</u>: Freeborn incurred $700.00 in filing fees relating to complaints filed to determine the validity, priority, and extent of certain alleged secured lenders' liens.

(e) <u>Court Call</u>: Freeborn incurred $60.00 in expenses relating to use of the Court Call system for telephonic appearances of the Committee's lead counsel and financial advisor.

(f) <u>Transcripts</u>: Freeborn incurred $2,204.00 in expenses relating to transcript requests for certain hearings before the Court.

33. All expenses incurred were ordinary and necessary expenses. All expenses billed to the Committee were billed in the same manner as Freeborn bills non-bankruptcy clients.

34. Freeborn does not bill its clients or seek compensation in this Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions. Such expenses are factored into Freeborn's hourly rates. Freeborn has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

**BENEFIT TO THE ESTATE**

35. Freeborn remained active on all matters in its representation of the Committee as local counsel during the chapter 11 cases until their conversion. Freeborn submits that the services set forth herein benefitted the estates and their creditors by ensuring that the Debtors' assets were properly preserved, administered, and that they gained the highest value under the circumstances in order to maximize the potential recovery for general unsecured creditors.

## **NOTICE**

36. There are several thousand creditors on the Debtors' master mailing matrix. Freeborn anticipates that it would incur several thousand dollars in postage and copying costs to serve the entire creditor matrix as required by Bankruptcy Rule 2002.

37. Twenty-one days' notice of this Application has been provided to: (i) the chapter 7 trustee; (ii) Debtors' counsel, Sugar Felsenthal Grais & Hammer LLP; (iii) the Office of the United States Trustee; (iv) Counsel to First Midwest Bank, and (v) all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002 in these cases.

38. In light of the nature of the relief requested, the number of creditors in these bankruptcy cases, and the costs of serving the entire creditor matrix, Freeborn submits that cause exists to limit notice as provided herein and that no other or further notice is necessary. Accordingly, Freeborn requests that the Court approve the limited notice of this Application as provided herein.

**WHEREFORE**, Freeborn respectfully requests that the Court enter an order:

(a) allowing Freeborn, on a final basis, $137,077.50 in compensation for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) allowing Freeborn, on a final basis, $6,561.57 in reimbursable expenses for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c) authorizing payment to Freeborn of $73,133.55, representing all unpaid amounts owing to Freeborn on account of the Application;

(d) approving the limited notice of this Application as requested herein; and

(e) granting such other and further relief as the Court deems just and proper.

Dated:  July 20, 2018                              **FREEBORN & PETERS LLP**

                                                   By:  /s/ Elizabeth L. Janczak
                                                           One of Its Attorneys

                                                   Shelly A. DeRousse
                                                   Devon J. Eggert
                                                   Elizabeth L. Janczak
                                                   FREEBORN & PETERS LLP
                                                   311 South Wacker Drive, Suite 3000
                                                   Chicago, Illinois 60606-6677
                                                   Telephone:  312.360.6000
                                                   Facsimile:  312.360.6520
                                                   sderousse@freeborn.com
                                                   deggert@freeborn.com
                                                   ejanczak@freeborn.com

                                                   *Counsel to the Official Committee of Unsecured Creditors*