**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Chellino Crane, Inc., *et al.*,[1] | ) Case No. 17-14200 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Janet S. Baer |
| | ) |
| | ) Hearing Date: August 16, 2018 at 10:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 16, 2018 at 10:30 a.m., the undersigned shall appear before the Honorable Janet S. Baer in Courtroom 615, or whomever may be sitting in her place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *Third and Final Fee Application of Emerald Capital Advisors as Financial Advisor to the Official Committee of Unsecured Creditors and Request for Approval of Limited Notice* a copy of which is attached hereto and herewith served upon you.

Dated:  July 20, 2018                **FREEBORN & PETERS LLP**

By:  /s/ Elizabeth L. Janczak
       One of Its Attorneys

   Shelly A. DeRousse
   Devon J. Eggert
   Elizabeth L. Janczak
   FREEBORN & PETERS LLP
   311 South Wacker Drive, Suite 3000
   Chicago, Illinois 60606-6677
   Telephone:  312.360.6000
   Facsimile:   312.360.6520
   sderousse@freeborn.com
   deggert@freeborn.com
   ejanczak@freeborn.com

   *Counsel to the Official Committee of Unsecured Creditors*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691).  The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Chellino Crane, Inc., *et al.*,[1] | ) Case No. 17-14200 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Janet S. Baer |
| | ) |
| | ) Hearing Date: August 16, 2018 at 10:30 a.m. |

**CERTIFICATE OF SERVICE**

I, Elizabeth L. Janczak, an attorney, hereby certify that on July 20, 2018, I caused a true and correct copy of the foregoing *Notice of Motion* and *Third and Final Fee Application of Emerald Capital Advisors as Financial Advisor to the Official Committee of Unsecured Creditors and Request for Approval of Limited Notice*, to be filed with the Court and served upon the following parties by the manner listed.

/s/ Elizabeth L. Janczak

**CM/ECF Service List**

| | |
|---|---|
| Howard L. Adelman | hla@ag-ltd.com |
| Thomas V Askounis | taskounis@askounisdarcy.com |
| Paul M Bauch | pbauch@bauch-michaels.com |
| Andrew Baumann | abaumann@lowis-gellen.com |
| Leslie Allen Bayles | leslie.bayles@bryancave.com |
| Brian T Bedinghaus | bbedinghaus@ralaw.com |
| Christopher M Cahill | ccahill@lowis-gellen.com |
| Leland H Chait | lchait@sfgh.com |
| Scott R Clar | sclar@craneheyman.com |
| Monette W Cope | ecfnil@weltman.com |
| Alex Darcy | adarcy@askounisdarcy.com |
| Aaron Davis | aaron.davis@bclplaw.com |
| Dennis A Dressler | ddressler@dresslerpeters.com |
| Thomas R. Fawkes | tomf@goldmclaw.com |
| J Mark Fisher | mfisher@schiffhardin.com |
| Joseph D Frank | jfrank@fgllp.com |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

| | |
|---|---|
| Jonathan P Friedland | jfriedland@sfgh.com |
| Paulina Garga-Chmiel | pgarga@chuhak.com |
| Robert Glantz | rwglantz@midwestbankruptcyattorneys.com; rglantz@shawfishman.com |
| Gary E. Green | @clarkhill.com |
| James K Haney | jhaney@wongfleming.com |
| Timothy R Herman | therman@clarkhill.com |
| Michael Kelly | michael.kelly@usdoj.gov |
| Patrick S. Layng | USTPRegrion11.ES.ECF@usdoj.gov |
| Forrest B Lammiman | flammiman@hlgltd.com |
| Matthew E. McClintock | mattm@goldmclaw.com |
| William J McKenna | wmckenna@foley.com |
| Alan Meda | ameda@bcattorneys.com |
| Kenneth A. Michaels, Jr | kmichaels@bauch-michaels.com |
| Kevin H Morse | kevin.morse@saul.com |
| Karen Newbury | knewbury@fgllp.com |
| Madelaine Newcomb | mnewcomb@askounisdarcy.com |
| John R O'Connor | joconnor@sfgh.com |
| Kate O'Loughlin | kate.oloughlin@sba.gov |
| Matthew A Olins | maolins@duanemorris.com |
| Michael W Ott | mott@schiffhardin.com |
| James M Philbrick | jmphilbrick@att.net |
| Nathan Q. Rugg | Nathan.Rugg@bfkn.com |
| Richard R. Saldinger | rsaldinger@llflegal.com |
| Carolina Y. Sales | csales@bauch-michaels.com |
| Raymond Sanguinetti | rsanguinetti@rathjewoodward.com |
| Kevin G Schneider | kschneider@ngelaw.com |
| Scott N. Schreiber | sschreiber@clarkhill.com |
| Mariangela Seale | merili.seale@bryancave.com |
| Miriam R. Stein | mstein@chuhak.com |
| Matthew J Stockl | mstockl@foley.com |
| Roman Sukley | USTPRegion11.es.ecf@usdoj.gov |
| Martin D. Tasch | mtasch@momlaw.com |
| William W Thorsness | wthorsness@vedderprice.com |
| Elizabeth B Vandesteeg | evandesteeg@sfgh.com |
| Michael T Werner | mwerner@bakerlaw.com |
| Amanda J Wiese | bankruptcy@hsbattys.com |
| William A Williams | bill.williams@saul.com |
| Thomas C. Wolford | twolford@ngelaw.com |
| Charles R Woolley | rwoolley@askounisdarcy.com |
| Jin Yan | jyan@schiffhardin.com |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Chellino Crane, Inc., *et al.*,[1] | ) Case No. 17-14200 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Janet S. Baer |
| | ) |
| | ) Hearing Date: August 16, 2018 at 10:30 a.m. |

**COVER SHEET FOR THIRD AND FINAL FEE APPLICATION OF EMERALD CAPITAL ADVISORS AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND REQUEST FOR APPROVAL OF LIMITED NOTICE**

| | |
|---|---|
| Name of Applicant: | Emerald Capital Advisors |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of Chellino Crane, Inc., *et al*. |
| Date of retention: | June 21, 2017 *nunc pro tunc* to May 17, 2017 |
| Period for which compensation and reimbursement is sought: | May 17, 2017 through December 19, 2017 |
| Amount of compensation sought as actual, reasonable and necessary: | $176,675.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $6,307.83 |

This is an ____ interim __X__ final application

Prior Fee Applications Filed by Applicant: Yes

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

**Summary of Monthly Statements filed for the Fee Application Period:**

| Statement | | Requested | | Paid to Date | | Total Unpaid |
| --- | --- | --- | --- | --- | --- | --- |
| Date Submitted | Period Covered | Fees | Expenses | Fees | Expenses | Fees and Expenses |
| 7/3/2017 | 5/17/2017 – 5/31/2017 | $35,650.00 | $170.85 | n/a | n/a | n/a |
| 7/20/2017 | 6/1/2017 – 6/30/2017 | $54,375.00 | $1,870.34 | n/a | n/a | n/a |
| 8/21/2017 | 7/1/2017 – 7/31/2017 | $52,450.00 | 3,437.16 | n/a | n/a | n/a |
| 9/15/2017 | 8/1/2017 – 8/31/2017 | $51,225.00 | 1,922.13 | n/a | n/a | n/a |
| 10/19/2017 | 9/1/2017 – 9/30/2017 | $22,325.00 | 112.35 | n/a | n/a | n/a |
| 11/15/2017 | 10/1/2017 – 10/31/2017 | $1,700.00 | 0.00 | n/a | n/a | n/a |
| **TOTALS:** | | **$217,725.00** | **$7,512.83** | **$114,459.26** | **$7,512.83** | **$103,265.74** |
| **TOTALS (after accounting for the Reduction Order, defined herein):** | | **$173,350.00** | **$6,307.83** | **$114,459.26** | **$7,512.83** | **$57,685.74** |

Dated: July 20, 2018 **FREEBORN & PETERS LLP**

By: /s/ Elizabeth L. Janczak
      One of Its Attorneys

    Shelly A. DeRousse
    Devon J. Eggert
    Elizabeth L. Janczak
    FREEBORN & PETERS LLP
    311 South Wacker Drive, Suite 3000
    Chicago, Illinois 60606-6677
    Telephone: 312.360.6000
    Facsimile: 312.360.6520
    sderousse@freeborn.com
    deggert@freeborn.com
    ejanczak@freeborn.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| Chellino Crane, Inc., *et al.*,[1] | ) |
| | ) Case No. 17-14200 |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Hon. Janet S. Baer |
| | ) |
| | ) Hearing Date: August 16, 2018 at 10:30 a.m. |
| | ) |

**THIRD AND FINAL FEE APPLICATION OF EMERALD CAPITAL ADVISORS AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND REQUEST FOR APPROVAL OF LIMITED NOTICE**

Emerald Capital Advisors ("Emerald"), financial advisor to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned jointly-administered chapter 11 cases of Chellino Crane, Inc. and its affiliated debtor entities (collectively, the "Debtors"), hereby submits its application for compensation (the "Application") which seeks: (i) final approval of compensation in the amount of $176,675.00 for services rendered and $6,307.83 for reimbursement of expenses incurred for the period of May 17, 2017 through December 19, 2017; (ii) authorizing payment to Emerald for any allowed fees and expenses that have not been paid to date; and (iii) approval of limited notice of this Application. In support hereof, Emerald states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Chellino Crane, Inc. (6804); Sam J. Chellino Crane Rental, Inc. (0830); G & B Equipment, LLC (0688); Chellino/Industrial Park Family Limited Partnership (1246); and Chellino Industrial Management, Inc. (0691). The address for all of the Debtors is 915 Rowell Avenue, Joliet, Illinois 60433.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.  This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code.  Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2.      The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3.      On May 5, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On May 17, 2017, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code.

6.      Also on May 17, 2017, the Committee selected Brown Rudnick as its counsel. On that same day, the Committee selected Emerald as its financial advisor.  On June 21, 2017, the Court entered an order approving Emerald's employment effective *nunc pro tunc* as of May 17, 2017.

7. On June 7, 2011, the Court entered the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members [Docket No. 204] (the "Interim Compensation Procedures Order"), which provides, *inter alia*, that a professional may submit monthly fee statements to certain noticed parties on or before the 15th day of each calendar month following the month for which compensation is sought. If no objection is made to the monthly fee statement, the Debtors are authorized to pay the professional 80% of the fees and 100% of the expenses requested

8. Emerald served monthly fee statements for May, June, July, August, September, and October 2017 totaling $217,725.00 in fees and $7,512.83 in expenses.

9. On December 19, 2017, the Court entered an order converting these cases to cases under chapter 7. Joji Takada was appointed as the chapter 7 trustee of the Debtors' estates.

10. On December 28, 2017, the Court entered an order disallowing a portion of Emerald's fees and expenses from its First Interim Fee Application (referred herein as the "Reduction Order"). Through the Reduction Order, Emerald's First Interim Fee Application was reduced by $44,375.00 for fees and $1,205.00 for expenses.

## RELIEF REQUESTED

11. Emerald rendered services on behalf of the Committee from May 17, 2017 through December 19, 2018 (the "Fee Application Period"), for which Emerald seeks final approval of compensation in the amount of $176,675.00 and reimbursement of expenses in the amount of $6,307.83 for a total of $182,982.83.

12. By this Application, Emerald seeks an order: (i) allowing Emerald $176,675.00 in compensation and $6,307.83 in reimbursable expenses for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of

3

the Bankruptcy Code, and (ii) authorizing payment to Emerald for any allowed fees and expenses that have not been paid to date.

13. Emerald has not previously filed an application for compensation for the period of November 1, 2017 through December 19, 2017. Emerald's billing statements for this period for November 1, 2017 through December 19, 2017, broken down by project category, are as Exhibits A. Emerald incorporates by reference the billing statements attached to its First and Second Interim Fee Application.

## DISCUSSION

14. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

15. The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

Kirchoff v. Flynn, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

[I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the

4

professional representation. It is easy to speculate in retrospect that the work
could have been done in less time or with fewer attorneys or with an associate
rather than a partner. On the other hand, it is also possible that [the client] would
not have enjoyed the success it did had its counsel managed matters differently.

Boston and Main Corp. v. Moore, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

16. In reviewing the Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for services in similar matters:

[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the [professional]would receive if he was selling his services in the market rather than being paid by court order.

In re Continental Illinois Securities Litigation, 962 F.2d 566, 568 (7th Cir. 1992); see Mann v. McCombs (In re McCombs), 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").

17. In Continental Securities, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). Continental Illinois Securities Litigation, 962 F.2d at 568-70. Continental Securities

18. In evaluating the Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the advisory services properly, the preclusion of other employment caused by Emerald's retention in this case, the customary fees

5

charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the professionals involved, and the amount of awards of compensation in similar cases. See In re Alberto, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

19. Emerald's hourly rates of compensation for its Managing Partner, Associates, and Analysts during the Fee Application Period range from $600 to $250. Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. Emerald consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible.

20. A summary of the compensation requested herein regarding each of Emerald's professionals is set forth below (of note, the chart does not factor in the Reduction Order):

| Professional | Title | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| John P. Madden | Founder and Managing Partner | $600 | 141.5 | $84,900.00 |
| Jack Allen | Senior Associate | $450 | 32.50 | $14,625.00 |
| Christopher Saitta | Associate | $400 | 247.5 | $99,000.00 |
| Daniel Pace | Senior Analyst | $350 | 51.5 | $18,025.00 |
| Ryan N. Feulner | Analyst | $250 | 18.0 | $4,500.00 |
| | | **TOTALS:** | **491.00** | **$221,050.00** |

21. No agreement or understanding exists between Emerald and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

6

22. Emerald reserves the right to correct, amend, or supplement this Application, including, without limitation, to seek payment in the event this Application is not approved in full.

## SERVICES PERFORMED

23. This Application sets forth in detail the work performed by Emerald and the time spent during the Fee Application Period (again, the time and fees shown below do not factor in the Reduction Order).

**A.    Analysis of Claims / Liabilities**                                                    **$9,225.00**

24. Emerald spent 22.0 hours at a cost of $9,225.00 on work related to analysis of claims and liabilities.  This category primarily includes time spent by Emerald professionals analyzing claims arising from lease rejections, reviewing and analyzing buyout offer to prepetition secured lenders, and analysis of priority claims.

**B.    Asset Analysis and Recovery**                                                          **$15,050.00**

25. Emerald spent 36.00 hours at a cost of $15,050.00 on work related to analysis of the Debtors' assets.  This category primarily includes time spent by Emerald professionals creating a recovery model, reviewing and analyzing Debtors' equipment file, and reviewing accounts receivable information.

**C.    Asset Disposition / §363 Sale Auction**                                               **$6,450.00**

26. Emerald spent 15.0 hours at a cost of $6,450.00 on work related to disposition of the Debtors' assets.  This category primarily includes time spent by Emerald professionals reviewing presentation materials and an outline of the sale process.

**D.    Bankruptcy Filings & Document Review**                                                **$31,525.00**

7

27.     Emerald spent 72.00 hours at a cost of $31,525.00 reviewing documents and bankruptcy filings.  This category primarily includes time spent by Emerald professionals reviewing and providing comments to draft pleadings and reviewing and analyzing incoming pleadings, correspondence, and notices.

**E.    Case Administration / Management / Strategy**                    **$33,300.00**

28.     Emerald spent 72.5 hours at a cost of $33,300.00 on administration, management, and strategizing with respect to these cases.  This category primarily includes time spent by Emerald professionals conducting internal team meetings and discussing strategy, corresponding with Brown Rudnick regarding case/strategy.

**F.    Cash Flow & Liquidity Analysis**                    **$10,000.00**

29.     Emerald spent 21.50 hours at a cost of $10,000.00 on work relating to cash flow and liquidity analysis.  This category primarily includes time spent by Emerald professionals conducting extensive review and analysis of the DIP budget and updates thereto, summarizing the same, and reviewing and summarizing variance reports.

**G.    Committee Related Matters**                    **$12,875.00**

30.     Emerald spent 26.0 hours at a cost of $12,875.00 on work relating to Committee matters.  This category primarily includes time spent by Emerald professionals preparing for and participating in Committee calls, reviewing email updates to Committee, and corresponding with Committee members.

**H.    Court Testimony, Preparation & Attendance**                    **$9,200.00**

31.     Emerald spent 18.5.00 hours at a cost of $9,200.00 on Court testimony preparation and attendance.  This category primarily includes time spent by Emerald

8

professionals preparing for Court hearings and providing expert testimony in the Northern District of Illinois Bankruptcy Court.

### I.     Debtor Professionals - Meetings / Discussions     $23,825.00

32. Emerald spent 47.5 hours at a cost of $23,825.00 on meetings and discussions with the Debtors' professionals. This category primarily includes time spent by Emerald professionals meeting and discussing various case issues with Committee counsel and the Debtors' professionals.

### J.     Due Diligence     $15,925.00

33. Emerald spent 37.50 hours at a cost of $15,925.00 conducting due diligence with respect to various matters. This category primarily includes time spent by Emerald professionals reviewing and analyzing various reports/documents, drafting diligence request list, and correspondence regarding the same.

### K.     Financial Review / Analysis / Report Preparation     $11,200.00

34. Emerald spent 29.00 hours at a cost of $11,200.00 analyzing documents and drafting reports regarding the same. This category primarily includes time spent by Emerald professionals preparing analyses and reviewing filed relief from stay motions and drafting internal documents regarding the same.

### L.     Financing Matters (DIP, Exit, Other)     $600.00

35. Emerald spent 1.00 hours at a cost of $600.00 on financing matters. This category primarily includes time spent by Emerald professionals reviewing the DIP budget and correspondence regarding the same.

### M.     Professional Retention / Fee Application Preparation     $23,600.00

36. Emerald spent 54.50 hours at a cost of $23,600.00 on work relating to Emerald's retention and fee application matters. This category includes time spent preparing Emerald's retention application and preparing monthly fee statements.

**N.     UCC Professionals - Meetings / Discussions                              $5,275.00**

37. Emerald spent 12.00 hours at a cost of $5,275.00 on work relating to matters with respect to UCC professionals. This category primarily includes time spent by Emerald professionals participating in calls with UCC counsel and correspondence with Brown Rudnick regarding the same.

## REASONABLE EXPENSES INCURRED

38. Expenses during the Fee Application Period were incurred in the following categories (again, the expenses shown below do not factor in the Reduction Order). :

(a) <u>Administrative expenses</u>: Emerald incurred expenses related to the administration of these cases with respect to its representation of the Committee. These expenses include fees the costs of copying relevant documents for review by Emerald professionals and Committee members ($471.95); and communications ($324.30). These costs were separate from general overhead expenses and were necessary to the efficient administration of its representation.

(b) <u>Research expenses</u>: Emerald incurred expenses related to use of online research services ($129.00).

(c) <u>Travel and meals</u>: Emerald incurred expenses related to necessary travel and meals for Emerald. (Emerald has agreed to not charge for any professional fees related to non-working travel). Expenses incurred include airfare ($4,203.18); meals ($532.02); and taxi charges ($1,852.40).

39. All expenses incurred were ordinary and necessary expenses. All expenses billed to the Committee were billed in the same manner as Emerald bills non-bankruptcy clients.

## **BENEFIT TO THE ESTATE**

40. Emerald remained active on all matters in its representation of the Committee as financial advisor during this case. Emerald submits that the services set forth herein benefitted the estates and their creditors by ensuring that the Debtors' assets are properly preserved, administered, and that they will, in turn, gain the highest value under the circumstances, in order to maximize the potential recovery for general unsecured creditors.

## **NOTICE**

41. There are more than 1,000 creditors on the Debtors' master mailing matrix. Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of this Application has been provided to: (a) counsel for the Debtors; (b) the U.S. Trustee; (c) counsel for First Midwest Bank, the Debtors' secured lender and post-petition lender; (d) all parties that have filed appearances and requested notice in these cases; and (e) notice of the hearing and a copy of the coversheet are being provided to all creditors as required under the Interim Compensation Order.

42. In light of the interim nature of the relief requested and the number of creditors in this bankruptcy case, Emerald submits that no other or further notice is necessary and requests that the Court approve the limited notice requested herein.

**WHEREFORE**, Emerald respectfully requests that the Court enter an order:

(a) allowing Emerald, on an final basis, $176,675.00 in compensation for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

11

(b) allowing Emerald, on a final basis, $6,307.83 in reimbursable expenses for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c) authorizing payment to Emerald for any allowed fees and expenses that have not been paid to date;

(d) approving limited notice of this Application as requested herein; and

(e) granting such other and further relief as the Court deems just and proper.

Dated: July 20, 2018            **FREEBORN & PETERS LLP**

           By: /s/ Elizabeth L. Janczak
              One of Its Attorneys

             Shelly A. DeRousse
             Devon J. Eggert
             Elizabeth L. Janczak
             FREEBORN & PETERS LLP
             311 South Wacker Drive, Suite 3000
             Chicago, Illinois 60606-6677
             Telephone: 312.360.6000
             Facsimile: 312.360.6520
             sderousse@freeborn.com
             deggert@freeborn.com
             ejanczak@freeborn.com

             *Counsel to the Official Committee of Unsecured Creditors*